ELLEN LAVELLE, Appellant, v. P. F. STIFEL, Respondent.

St. Louis Court of Appeals, November 5, 1889.

| 37 | 525 |
| 38 | 293 |
| 37 | 525 |
| 44 | 293 |
| 37 | 525 |
| 70 | 602 |

1. **Husband and Wife.** In the case of the breach of a contract made with a married woman, owing to which she is prevented from earning money, the right of action vests in the husband alone, and this rule is not affected by Revised Statutes, 1879, section 3296, as amended in 1883.

2. ————. The wife has no right of action for such breach, even if, subsequent to the breach of the contract, she procures a divorce from her husband.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Campbell & Ryan*, for the appellant.

If the husband was properly a party in the first instance, then upon the divorce he was, as to the plaintiff's rights in this action, civilly dead. *Hunt v.*

*Thompson*, 61 Mo. 148–51. But the right of action was in the plaintiff alone. Our laws regulating the rights of married women should be liberally construed. *McCoy v. Hyatt*, 80 Mo. 130; *Harris v. Bohle*, 19 Mo. App. 529; *State v. Mertz*, 14 Mo. App. 58. Although the contract of a married woman, having no separate estate, is, while executory, non-enforceable for want of mutuality, yet when she has executed her part thereof she may enforce its terms against the other party thereto, even though the latter be remediless as against her. *Walker v. Owen*, 79 Mo. 563; *Neef v. Redmund*, 76 Mo. 195; *James v. Chambers*, 18 Mo. App. 331; Cord's Rights of Mar. Wom., secs. 1045, 1046.

*George A. Castleman* and *D. Castleman Webb*, for the respondent.

This action is not upon an executed contract, but for the breach of an executory contract. The action is not for money earned, but for damages in not being enabled to earn what the plaintiff was entitled to. The plaintiff not having the capacity to contract, no cause of action accrued to her. *Neef v. Redmund*, 76 Mo. 196; *Lanier v. Ross*, 1 Dev. and Bat. 39; *Walker v. Owen*, 79 Mo. 576; *Schroyer v. Nickell*, 55 Mo. 267; *Kimball v. Silvers*, 22 Mo. App. 521; *McFerra v. Kinney*, 22 Mo. App. 554; *State to use v. Smit*, 20 Mo. App. 50; *Plummer v. Frost*, 81 Mo. 425; *Coughlin v. Ryan*, 43 Mo. 99; *Alexander v. Lydick*, 80 Mo. 341; *Heiman v. Fisher*, 11 Mo. App. 275; *State to use v. Bank*, 10 Mo. App. 482; *Harris v. Bohle*, 19 Mo. App. 529. The plaintiff had no cause of action. The right to damages for the breach of the contract did not vest in her, either at common law, or under the statute of 1883.

BIGGS, J., delivered the opinion of the court.

There was a trial in th s case before a jury, which resulted in a verdict and judgment for the plaintiff in

the sum of twenty-one hundred and forty-five dollars. The defendant filed the following motion in arrest of judgment, to-wit: "Upon the face of the record in this case it appears that at the time of contract alleged, and the performance of the services alleged, that plaintiff was a married woman, and that she had no right to the proceeds of said contract, nor to damages for the alleged breach thereof, but that, under the law, her husband is the proper party to maintain this action."

The court sustained this motion and the plaintiff refusing to proceed or plead further, the cause was dismissed and final judgment entered for the defendant. The case has been brought to this court by plaintiff on appeal. The action of the court in sustaining this motion is the only thing complained of by plaintiff. As there is no dispute as to the facts, a question of law only is presented.

Plaintiff's action was at law, and she alleged in her petition that during her "coverture" she entered into a contract with the defendant which had been fully performed on her part; that by the terms of this contract, she was to go to Granite Bend in Missouri, and establish a "boarding house" of sufficient capacity to accommodate one hundred and fifty of the defendant's employes; that the defendant agreed to furnish the plaintiff that number of men to board during her stay; that she was to receive four dollars per week for each boarder; that in pursuance of this contract the plaintiff went to Granite Bend and established a boarding house of the capacity agreed on, and remained there from February, 1886, to September, 1886, and that during that time the defendant furnished an average of forty boarders only, to the plaintiff's damage in the sum of three thousand dollars. This was the alleged breach on which the plaintiff went to the jury.

The suit was first begun in the names of the plaintiff and her husband, but before the trial the plaintiff

obtained a divorce, and plaintiff then filed an amended petition in her individual name, in which she averred that, at the time the contract was made, she was acting as a "*femme sole*" and that the contract was made and performed by her, separate and apart from her husband. In support of this last allegation, the plaintiff's evidence tended to prove that, at the time she entered into the contract with the defendant, she was living apart from her husband, and had previously been engaged in the business of keeping boarders; that she was possessed of a separate estate, and in carrying out her contract with the defendant she had been compelled to expend about eight hundred dollars of her own money in purchasing additional furniture, materials, etc., necessary for conducting the business in a proper way.

The motion in arrest of judgment, when properly interpreted does not, as contended by the plaintiff, go to the non-joinder of plaintiff's husband, but it challenges the right of the plaintiff to maintain this action under any circumstances. In other words, the defendant denies the right to institute the action in the first instance, in the joint names of husband and wife, and in this we think the defendant is supported by the common-law authorities. This is not an action which, by the rules of the common law, could be maintained jointly by husband and wife; if so, the right to continue the action after divorce might be held to devolve on the wife alone, she being the meritorious cause of the action. *Hunt v. Thompson*, 61 Mo. 148. Such a case is presented when a joint action has been brought by the husband and wife on a note or bond made payable to both, or when suit has been instituted by the husband and wife on a bond or note executed to the wife prior to her marriage. In such cases the right of survivorship belongs to the wife.

This right of joint action and survivorship has been sustained in an action for work done by the wife alone,

where the promise was to the wife and the husband assented by bringing an action on the promise. *Buckley v. Collier*, 1 Salk. 114; *Brashford v. Buckingham*, 2 Croke's Rep. 77. There is, however, no common-law authority within our knowledge, that goes so far as to hold, that an action like the one under consideration can be instituted jointly by husband and wife. The theory of the common law is that the wife is the servant of the husband, and that the latter is entitled to demand and receive all money due for the labor of the wife, and all damages arising out of a breach of contract in reference thereto or touching any business conducted by her. As we have seen, the rule of procedure, when the earnings of a married woman are the subject-matter of litigation, permits a joint action by husband and wife for the recovery of the value of her personal labor, and the right of survivorship would exist; but this only applies to wages already earned. We know of no case that has extended this right to a suit for a damages resulting from a violation of such a contract as forms the basis of this action. The case of *Saville v. Sweeny*, 4 B. & Ad. 514, states the common-law rule very clearly. The plaintiffs, who were husband and wife, lived apart, and the wife kept a boarding house; they brought an action for slander for words spoken, which were calculated to injure the business carried on by the wife. The court held that, as the words were actionable only concerning the business, the damages were in law the husband's only, the wife should not have been joined.

When we apply the principle of this cause to the case at bar, it will be readily perceived that plaintiff's action is without warrant under common-law procedure. The damages sought were special damages growing out of the violation of contract, and belonged to the husband alone, the wife having no interest in them.

But counsel for plaintiff urge that section 3296, of the Revised Statutes, as amended in 1883, affords

authority for the prosecution of this action by the plaintiff.  This section as amended reads as follows: "Any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture, by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her separate property and under her sole control, and shall not be liable to be taken by any process of law for the debts of her husband.  This section shall not affect the title of any husband to any personal property reduced to his possession with the express assent of his wife; provided, that said personal property shall not be deemed to have been reduced to possession by the husband, by his use, occupancy, care or protection thereof; but the same shall remain her separate property, unless by the terms of said assent, in writing, full authority shall have been given by the wife to the husband to sell, encumber or otherwise dispose of the same for his own use and benefit; but such property shall be subject to execution for the payment of the debts of the wife contracted before marriage, and for a debt or liability of her husband, created for necessaries for the wife or family; and any such married woman may, in her own name and without joining her husband as a party plaintiff, institute and maintain any action, in any of the courts of this state having jurisdiction, for the recovery of any such personal property, including rights in action, as aforesaid, with the same force and effect as if such married woman was a *femme sole;* provided, any judgment for costs in any such proceedings, rendered against any such married woman, may be satisfied out of any separate property of such married woman subject to execution."

This position assumed by the plaintiff's counsel cannot be maintained, unless a fair construction of the statute would make the claim for special damages, arising out of the breach of the contract by defendant, the separate property of the plaintiff.

The only object of the statute was to declare that certain property, therein designated, should thereafter become the separate estate of married women. This would seem to be the only purpose of the statute as originally enacted. It did not attempt to enlarge or extend the right of a married woman to make contracts; her power in that respect remained as before. Now it cannot be said that the special damage, arising out of an alleged violation of this contract by the defendant, became the separate property of the plaintiff, unless made so by the words "rights in action" found in the statute. The words "rights in action" as used in the statute mean "choses in action," and the legislature merely intended to enact, that what was then and is now recognized as the "choses in action," of a married woman, should thereafter become her separate estate, unless reduced to the possession of the husband by the written consent of the wife. Previous to this statute, the common-law rule was in force by which the husband could at his pleasure become the absolute owner of of his wife's "choses in action," and this change of ownership was generally held to be brought about by any action on the part of the husband indicating such an intention. The amendment of 1883 merely enables a *femme covert* to assert her property rights and enforce her contracts concerning her separate personal estate in courts of law. Previous to this enactment, her title to personal property, and her right to protect or enforce contracts in reference to it, were only recognized in a court of equity.

Our conclusion is that the statute relied on by plaintiff has not afforded her a remedy, and that the

action of the trial court in arresting the judgment was right. It seems that the defendant also perfected an appeal, but just why he should object to a final judgment in his favor, we are unable to perceive. We have, therefore, in deciding this case, treated the defendant as a respondent, as the conclusion we have arrived at did not require us to do otherwise. With the concurrence of the other judges, the judgment of the circuit court will be affirmed.