Courtney v. Sheehy.

---

JOHN COURTNEY, Appellant, v. EDWARD SHEEHY. Respondent.

St. Louis Court of Appeals, December 3, 1889.

1. **Husband and Wife:** RIGHT OF ACTION.. Money due for the keeping of a horse at a livery stable conducted by a married woman, the contract being executed, belongs to the wife, and suit therefor does not lie in the name of the husband alone.

2. **Practice, Trial:** AMENDMENT: SUBSTITUTION OF PARTIES. If such suit be instituted in the name of the husband alone, the wife cannot be made a party plaintiff by amendment. Such an amendment would constitute a change of the cause of action, since there would be a complete change in the party plaintiff, the wife being the real plaintiff after the amendment.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*A. A. Paxson*, for the appellant.

On appeals from justices of the peace, all defects, errors or other imperfections of the justice must be disregarded. *Caldwell v. Fea*, 54 Mo. 55; *Rohrbough v. Reed*, 57 Mo. 292. Even to the amending of the summons. *Grant v. Railroad*, 79 Mo. 502; *Boulware v. Railroad*, 79 Mo. 494; *Beattie v. Hill*, 60 Mo. 72. "An amendment, by striking out the name of a co-plaintiff, does not change the original cause of action, and is permissible under Revised Statutes, section 3060." *Davis v. Ritchie*, 85 Mo. 501; *Ward v. Paie*, 50 Mo. 38; *Crockett v. St. L. T. Co.*, 52 Mo. 457; *Merrill v. St. Louis*, 83 Mo. 244; s. c., 12 Mo. App. 466; *State ex rel. v. Shelby*, 75 Mo. 482.

*E. A. B. Garesché*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed a verified lien account, for the keep of a horse, with a justice of the peace. The account purported on its face to be in favor of the Eclipse Boarding and Livery Stable (M. Courtney), John Courtney, manager, and it does not appear that the justice had any other information as to the owner of the account. Summons was thereupon issued wherein John Courtney was named as sole plaintiff, and such proceedings were had, that judgment of lien was rendered in favor of John Courtney, and a special

execution was issued in his favor. In the transcript of the justice throughout, John Courtney appears as the sole plaintiff, and he is named as the sole plaintiff in the defendant's bond upon appeal to the circuit court.

Upon retrial of the appeal in the circuit court, the plaintiff gave evidence tending to show that he had no cause of action against the defendant, but that the cause of action, if any, was in Mary Courtney, his wife, who was the owner of the livery stable, and that he merely acted as manager for his wife; that he told his wife that he would bring the suit; that it was first to be brought in her name, but "it was altered soon when she left him to himself to do as he pleased." The defendant gave evidence tending to show that he owed the account, or part of it, to the stable, but that the horse was not subject to the lien for it, having been sold to a third party, without notice of the lien claim, prior to the institution of the suit.

At the close of the evidence, the following transpired: The plaintiff's counsel moved that Mary Courtney, the wife of John Courtney, be made a party plaintiff with John Courtney, and that the justice's papers be corrected so as to conform to the complaint (*sic*), and to show that M. Courtney is the real plaintiff, and John Courtney a *pro forma* party. The court overruled this motion, and rendered judgment for the defendant, from which judgment both John and Mary Courtney purport to appeal to this court.

The errors assigned are that the court overruled plaintiff's motion at the close of the evidence, and rendered judgment for the defendant, when, on the uncontroverted evidence, Mary Courtney was entitled to a general judgment upon the account, even if she was not entitled to a judgment of lien.

Neither of these errors is well assigned. The motion made by the plaintiff at the close of the evidence, as well as the evidence itself, make it apparent that the

Courtney v. Sheehy.

suit before the justice was not instituted in the name of the real. party in interest, as required by law. Under the provision of section 3296, the cause of action belonged to the wife, and not to the husband. As the contract was a complete one, she might have sued upon it, her husband joining with her in conformity with the statute, in which respect the case is essentially different from *Lavelle v. Stifel,* 37 Mo. App. 525; but the husband alone could not sue upon it. The court would have been right in overruling plaintiff's motion, even if the plaintiff would have been entitled to some relief, as the only mode, in which such relief could have been obtained, was by rule upon the justice for an amended transcript. But the plaintiff was not entitled to relief in any form, as there was nothing in the facts which would have justified the justice in amending his transcript.

The statute which requires the circuit court to hear and determine the cause anew, without regarding any error in the proceedings of the justice, refers to the same cause of action, and no other, which was tried before the justice. The cause which was tried before the justice in this instance was, whether John Courtney had any cause of action against the defendant, and not whether Mary Courtney had. It was never held that section 3567 of the Revised Statutes, which provides that the court, in furtherance of justice, may add the name of any party, or correct the mistake in the name of a party, authorizes the court to add, by way of amendment, the name of the only substantial plaintiff or defendant, as that would be in effect the institution of an entirely new suit by way of amendment, which cannot be done.

The judgment is affirmed. All the judges concur.