## THE CENTRAL RAILWAY COMPANY vs. ELIZABETH SMITH.

*Street railway—Personal injury—Action for Damages—
Ordinary care—Contributory negligence—Practice in the
Court of Appeals.*

The plaintiff in an action against a street railway company to
recover damages for personal injuries, is entitled to recover if
the injuries were occasioned by any want of ordinary care or
skill on the part of the defendant's driver, such as by starting his
horse car prematurely, or without affording the plaintiff a reason-
able opportunity, under the circumstances, of taking a safe posi-
tion, or otherwise.

But if there was any failure of the plaintiff at the time to exercise
ordinary care on her part, as by attempting to leave the car
while in motion, or otherwise, and the same directly contributed
to the accident in such wise that without such failure the accident
would not have occurred, then the defendant is entitled to a
verdict unless the peril to which the plaintiff so exposed herself
could have been discovered by the driver in time for him, by the
exercise of ordinary care on his part, to have avoided the acci-
dent.

Ordinary care is that degree of caution, attention, activity and
skill which are habitually employed by, or may reasonably be
expected from, persons in the situation of the respective parties,
under all the circumstances surrounding them at the time.

An instruction by which the jury, in an action for negligence, are
told that "the plaintiff is entitled to the benefit of the presump-
tion that persons ordinarily take care of themselves, and the
defendant is entitled to the benefit of the principle that in excep-
tional cases persons are heedless," while not meeting the approval
of this Court furnishes no ground for a reversal, it not appearing,
that under the facts and circumstances of the case, it could have
had any material effect upon the verdict.

Central Railway Company *vs.* Smith.

APPEAL from the Superior Court of Baltimore City.

The·case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered seven prayers, (which are omitted), and the defendant offered the two following prayers :

1. If the jury believe that the plaintiff attempted to leave the defendant's car while in motion, and without ringing the bell or otherwise signaling the driver to stop, and fell, and sustained the alleged injury in consequence, then she was guilty of such contributory negligence as debars her right of recovery, and ·their verdict must be for the defendant, unless they find that the driver of the car discovered the peril in which the plaintiff placed herself by such contributory negligence, in time for him to have avoided the accident.

2. If the jury believe that the plaintiff was guilty of any negligence or want of care directly contributing to the accident, then their verdict must be for the defendant, unless they shall further find that the peril to which the plaintiff subjected herself by such contributory negligence, was discovered by the driver in time for him to avoid the accident.

The Court (PHELPS, J.) rejected all of the plaintiff's prayers but the seventh, which was granted, and rejected the defendant's prayers, and of its own motion gave certain instructions to the jury, which are set forth at length in the opinion of this Court.

To the rejection of the defendant's prayers, and to the giving of its own instructions by the Court, the defendant excepted, and the verdict and judgment being against it, appealed. No exception was taken to the granting of the seventh prayer of the plaintiff, which related to the assessing of damages.

Central Railway Company *vs.* Smith.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRIS-COE, J.

*T. Wallis Blakistone,* (with whom was *George Blakistone,* on the brief,) for the appellant.

*Charles W. Johnson,* and *George M. Lane,* for the appellee.

The law is too well settled to be seriously questioned in this State, that the Court has the right to reject all the prayers offered on both sides, and instruct the jury in its own language upon all the points raised by counsel, or properly arising in the cause. *Higgins, et al. vs. Carlton, et al.,* 28 *Md.,* 115; *Hall vs. Hall, et al.,* 6 *Gill & J.,* 404; *Keener vs. Harrod & Brooke,* 2 *Md.,* 63; *Coates & Glenn vs. Sangston, &c.,* 5 *Md.,* 121; *Beall vs. Beall,* 7 *Gill,* 233; *Snively & Keys vs. Fahnestock,* 18 *Md.,* 396; *Thistle vs. Frostburg Coal Co.,* 10 *Md.,* 129; *Key vs. Dent, Adm'r, &c.,* 6 *Md.,* 142.

And all that is necessary to be shown as a condition precedent to the affirmance by this Court of the judgment below, is, that by the volunteer instructions of the lower Court, full and substantial justice has been done, and the law of the case accurately declared in terms explicit and intelligible upon the points raised by counsel, or properly arising in the cause. Where this appears to have been done, the judgment of the Court below will not be reversed because of the rejection of the prayers of the appellant, even though said prayers be in themselves *entirely* correct. *Mutual Safety Ins. Co. vs. Cohen,* 3 *Gill,* 459; *New York Life Ins. Co. vs. Flack,* 3 *Md.,* 356; *Pettigrew vs. Barnum,* 11 *Md.,* 451; *Balto. & O. R. R. Co. vs. Resley,* 14 *Md.,* 444; *Keech vs. Balto. & Washington R. R. Co.,* 17 *Md.,* 32; *Mayor, &c., of Baltimore vs. Pendleton, et al.,* 15 *Md.,* 12.

In its first instruction the Court told the jury that if they should find that the defendant was negligent, and that that negligence caused the plaintiff's injury, then their verdict should be for the plaintiff. This view of the law is abundantly supported by the authorities. *State, use of Bacon vs. Balto. & Potomac R. R. Co.*, 58 *Md.*, 482; 1 *Shearman & Redfield on Negligence, sec.* 87 *and cases cited.*

In its second instruction the Court told the jury *but* if they should find any failure of the plaintiff at the time to exercise ordinary care on her part, as by attempting to leave the car while in motion or otherwise, and that the same directly contributed to the accident, in such wise that without such failure the accident would not have occurred, then the defendant was entitled to a verdict, unless they should further find that the peril to which the plaintiff so exposed herself could have been discovered by the driver in time for him, by the exercise of ordinary care on his part, to have avoided the accident.

What clearer statement of the doctrine of contributory negligence—what more consistent with the unbroken line of adjudicated cases could have been made ? *Balto. & Ohio R. R. Co. vs. Mulligan*, 45 *Md.*, 491; *Tuff vs. Warman*, 94 *Eng. Com. Law*, 573; *Western Maryland R. R. Co. vs. Carter*, 59 *Md.*, 309–11.

The third instruction of the Court correctly defined the meaning of ordinary care, and it would have been error in the Court not to have given a definition of "ordinary care." 1 *Shearman & Redfield on Negligence, sec.* 87, *note* 1, *and cases there cited; Phil., Wilm. & Balto. R. R. Co. vs. Kerr*, 25 *Md.*, 521; *Northern Central Railway Co. vs. State, use of Price*, 29 *Md.*, 420.

The fourth and last instruction of the Court put the *onus probandi* of negligence on the plaintiff, of which the appellant certainly has no right to complain because of

the liberality of this position in defendant's favor; in that, the proof in the case showed that plaintiff was a passenger, in which case the occurrence of the accident was *prima facie* evidence of defendant's negligence, and shifted the burden of proof from the plaintiff and placed upon the defendant the burden of proving that it was *not* negligent. *Balto. & Ohio R. R. Co. vs. Worthington,* 21 *Md.,* 275; *Poe on Pleading, sec.* 469.

By this same instruction the *onus probandi* of contributory negligence is very correctly placed upon the defendant. *Frech vs. Phil., Wilm. & Balto. R. R. Co.,* 39 *Md.,* 574.

It also very properly directed the jury to give the plaintiff the benefit of the presumption that persons ordinarily take care of themselves. *Northern Central Railway Co. vs. State, use of Geis,* 31 *Md.,* 364.

As to the last clause of the Court's fourth instruction, which directed the jury to give the defendant the benefit of the principle that in exceptional cases persons are heedless, the appellant can have no well-founded objection, for the obvious reason of its liberality in the defendant's favor.

BRISCOE, J., delivered the opinion of the Court.

This action was brought by the appellee against the appellant, the Central Railway Company, to recover damages for personal injuries alleged to have been sustained by the plaintiff, while a passenger on the company's road, on account of the negligence of the company's employé. The defendant is a street railway company operated by horse-power in the City of Baltimore, and its defence was contributory negligence on the part of the plaintiff. The case was tried before a jury, and resulted in a verdict and judgment for the plaintiff. At the trial of the case below the Court rejected the prayers offered, both by the plaintiff and the defendant, except

one as to the assessing of damages, and gave the following instructions in lieu thereof:

(1.) "If you find that the plaintiff's injury was occasioned by any want of ordinary care or skill on the part of the defendant's driver, such as by starting his car prematurely, or without affording the plaintiff a reasonable opportunity, under the circumstances, of taking a safe position, or otherwise, she is entitled to recover."

(2.) "But if you find any failure of the plaintiff at the time to exercise ordinary care on her part, as by attempting to leave the car while in motion, or otherwise, and that the same directly contributed to the accident in such wise that without such failure the accident would not have occurred, then the defendant is entitled to a verdict, unless you further find that the peril to which the plaintiff so exposed herself could have been discovered by the driver in time for him, by the exercise of ordinary care on his part, to have avoided the accident."

(3.) "By ordinary care is understood that degree of caution, attention, activity and skill, which are habitually employed by, or may reasonably be expected from, persons in the situation of the respective parties, under all the circumstances surrounding them at the time."

(4.). "The burden of proof is on the plaintiff to show want of ordinary care on the part of the defendant's agent, and on the defendant to show contributory negligence on the part of the plaintiff; but the plaintiff is entitled to the benefit of the presumption, that persons ordinarily take care of themselves, and the defendant is entitled to the benefit of the principle that in exceptional cases persons are heedless; and it is for the jury to find from all the circumstances in evidence upon the principles laid down, whether either of the parties, and which of them, was responsible for the accident."

To the granting of these instructions, and to the rejec-

tion of the defendant's prayers, the defendant excepted. The only question, therefore, presented by this appeal is the correctness of the Court's instructions in lieu of the rejected prayers. If the Court below was right in rejecting the prayers offered by both plaintiff and defendant, and substituting its own, and they contained the correct principles of law, governing such a case, and the defendant suffered no injury thereby, then the judgment below will have to be affirmed. Testimony was taken at the trial showing the circumstances under which the accident occurred. The plaintiff testified that on the night of the 3rd of November, 1889, she and one Sarah Simms were returning from church to their homes; that at the corner of Aisquith and Preston streets, in Baltimore City, she hailed a car of the defendant with the purpose of riding to Madison avenue; that the car stopped for them to get on, that other passengers entered the car from the opposite side of the platform, and were in the car when she started to get in; that while she was attempting to get on the car the driver stopped, and she just got her foot on the car and had hold with her hand, when the car started, and threw her in the street; *that the driver started before she got on the car,* whereby she sustained personal injuries which temporarily disabled her from pursuing her business of a laundress, causing her great physical pain, and from which she was confined to her bed for three weeks. The witness, Sarah Simms, also testified, that she was standing behind the plaintiff, with her hand on the rail; that the plaintiff was on the bottom step, and she saw the plaintiff when she "tumbled off the car, off of the step." The evidence on the part of the defendant was somewhat contradictory; the driver of the car stating, that he saw the plaintiff on the platform of the car before starting, while the witness, Wagner, stated that the plaintiff only got as far as the step, on account of the crowded condition of the car, and fell in consequence

of attempting to get off again while the car was in motion. We cannot, however, perceive from an examination of the facts of this case, in what manner the defendant was injured by the rejection of its prayers, and by the substitution of the Court's instructions. There were but two questions for the Court to pass upon, that of negligence and of contributory negligence; and the law governing each has been settled by too many adjudicated cases of this Court, to need citation of authorities in its support at this date. The first prayer correctly instructed the jury in substance, that if they found that the defendant had been negligent, and that the plaintiff's injury had been caused by this negligence, then she could recover. The second instruction clearly set forth the doctrine of contributory negligence as within the rules laid down by this Court, in the cases of *Balto. & Ohio R. R. Co. vs. Mulligan*, 45 *Md.*, 490, and *Western Maryland R. R. Co. vs. Carter*, 59 *Md.*, 309. The third instruction simply defined what constituted ordinary care, in contemplation of law, and was entirely proper and correct.

That portion of the fourth instruction which refers to "the presumption that persons ordinarily take care of themselves, and in exceptional cases persons are heedless" might have been omitted, and, while we do not approve of it, yet we do not see what material effect it could possibly have had upon the verdict under the facts and circumstances of this case, as the whole question of contributory negligence was fairly left to the jury. Finding no error, the judgment will be affirmed.

*Judgment affirmed.*