Plummer v. City of Milan.

——: ——: instructions: affirmance.

We think the judgment is clearly for the right party, and that it should be affirmed. All concur.

---

SARAH J. PLUMMER, Respondent, v. CITY OF MILAN, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Pleading:** PETITION: NEGLIGENCE: CITY SIDEWALK. A petition against a city to recover damages for personal injury resulting from a defective sidewalk should definitely allege the sidewalk was in an unsafe or dangerous condition for ordinary travel.

Plummer v. City of Milan.

2. **Damages:** INSTRUCTION: ASSUMING FACTS: PERSONAL INJURY. In an action for personal injuries alleged to have resulted from a fall on a sidewalk, an instruction relating to damages should not assume that physical injuries were inflicted by the fall, nor that the injured party suffered bodily pain and mental anguish, especially when they are contested points.

3. ———: HUSBAND AND WIFE: HOUSEHOLD SERVICES. In an action by a married woman against a city for personal injuries resulting from a fall on a defective sidewalk, she can not recover for her inability to perform the ordinary avocations of life since such services belong to her husband.

4. ———: ———: INTENTION OF WIFE. Where a married woman takes in sewing that she may aid and serve her husband in the support of the family, she can not recover in an action for personal injuries for inability to continue such services.

5. **Married Women:** CONSTRUCTION OF STATUTE: WIFE'S INTENTION: DAMAGES. Section 6864 of the married women's act, while empowering her to carry on and transact business on her own account, does not compel her to do so, and when her labor is intended to aid the husband in the support of the family it will be considered labor for the husband for the loss of which he alone is entitled to recover.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*Wattenbarger & Bingham* and *Crawley & Son* for appellant.

(1) The petition in this case does not state facts sufficient to constitute a cause of action. A municipality is not liable, merely because of a defect or broken board in a sidewalk. The defect must be such as that on account of its existence the sidewalk, as a walk, is rendered unsafe for ordinary use. *Young v. Kansas City*, 45 Mo. App. 600; *Salmon v. Town of Trenton*, 21 Mo. App. 182; *Staples v. Canton*, 69 Mo. 592. (2) The court should have given the instruction asked at the close of plaintiff's evidence, in the nature of a demurrer. There was a total failure of proof. (3) Plaintiff's second

instruction is erroneous, misleading, and prejudicial in the highest degree. It assumes controverted and unproven propositions of fact. It ignores defendant's evidence. It contradicts and nullifies one of defendant's instructions. Lastly, it authorizes plaintiff to recover damages in which she has no actionable interest, and for which her husband alone can sue. *Jones v. R. R.*, 28 Mo. App. 28; *Carpenter v. McDavitt*, 53 Mo. App. 393; *Russell v. Columbia*, 74 Mo. 480; *Davenport v. City of Hannibal*, 108 Mo. 478; *Smith v. City of St. Joseph*, 55 Mo. 456; *Plummer v. Trost*, 81 Mo. 425; *Blair v. R'y*, 89 Mo. 334; *Lavelle v. Stifel*, 37 Mo. App. 525; *Ross v. Kansas City*, 48 Mo. App. *loc. cit.* 446; Bishop on Noncontract Law, sec. 542; Schouler on Husband and Wife, secs. 143, 294, 295; Morrill on City Negligence, pp. 219, 220; Tiffany's Persons and Domestic Relations, pp. 72, 73.

*J. W. Clapp* and *D. M. Wilson* for respondent.

(1) Appellant's contention that the petition does not state facts sufficient to constitute a cause of action is not supported by the law and should not prevail. *Elfrank v. Seiler*, 54 Mo. 134; *McDermott v. Claas*, 104 Mo. 14; *Weaver v. Harlan*, 48 Mo. App. 319; *Buck v. R'y*, 46 Mo. App. 555; *Donaldson v. Butler Co.*, 98 Mo. 163; *Mendenhall v. Leivy*, 45 Mo. App. 20; *Bowie v. Kansas City*, 51 Mo. 454; *Grove v. City of Kansas*, 75 Mo. 675; *Mack v. R. R.*, 77 Mo. 233; *Hurst v. Ash Grove*, 96 Mo. 168. (2) The demurrer to the evidence offered first at the close of plaintiff's evidence in chief, and again at the close of the whole evidence, was in each instance properly refused. *Taylor v. Short*, 38 Mo. App. 21; *Buesching v. Gaslight Co.*, 73 Mo. 21; *Henry v. R. R.*, 109 Mo. 487; *Goodson v. R. R.*, 23 Mo. App. 76; *Aultman Taylor Co. v. Smith*, 52 Mo. App. 357; *Irvine v. Karnes*,

58 Mo. App. 254; *Bowlin v. Creel*, 63 Mo. App. 229. (3) The respondent's second instruction properly declares the law and the court committed no error in giving it. *Meyer v. R. R.*, 36 S. W. Rep. 367. Where the damages are not excessive, and appellant at no place so claims in its brief, the judgment will not be reversed because of error in the instructions as to the elements constituting the measure of damages. *Sherwood v. R. R.*, 132 Mo. 339.

ELLISON, J.—Plaintiff recovered judgment against defendant for an injury received by falling on one of defendant's defective sidewalks.

Objection is made here to the petition in that it does not definitely allege that the sidewalk was in an unsafe or dangerous condition or that it was unsafe for ordinary travel. The objection is well PLEADING: petition: negligence: taken, since such facts should be alleged city sidewalk. either directly or by necessary implication. *Young v. Kansas City*, 45 Mo. App. 602. We would perhaps have held the petition good after verdict, but since the case is to be retried no further comment is necessary more than to add that it would be well to avoid the criticism referred to by amendment.

The court gave for plaintiff the following instruction: "In estimating plaintiff's damages in this case, if the jury find for her, they will take into consideration not only the physical injury inflicted, the bodily pain and mental anguish endured, her inability by reason of said injuries to perform her ordinary avocations of life, but may also allow for such damages as it may appear from the evidence will reasonably result to her from said injuries in the future, not to exceed in all, however, the sum of ten thousand dollars."

There are two errors in the instruction. The first

is it assumes that physical injuries were inflicted by a
fall on the sidewalk and that she suffered
bodily pain and mental anguish. These
were contested points and should not have
been put to the jury in a manner to indicate that they were conceded.

*DAMAGES: instruction: assuming facts: personal injury.*

The second objection is that it permitted a
recovery by reason of her inability to perform her
ordinary avocations of life. She being a
married woman, her ordinary avocations
would be those household services which
she would render for her husband. They are such services for which he alone could recover. *Smith v. City of
St. Joseph*, 55 Mo. 456; *Plummer v. Trost*, 81 Mo. 425;
*Blair v. Railway*, 89 Mo. 334; *Lavelle v. Stifel*, 37 Mo.
App. 525; *Ross v. Kansas City*, 48 Mo. App. *loc.
cit.* 446; Bishop's Noncontract Law, sec. 542;
Schouler on Husband and Wife, secs. 143, 294, 295;
Morrill on City Negligence, pp. 219, 220; Tiffany's
Persons and Domestic Relations, pp. 72, 73.

*——: husband and wife: household services.*

In some conditions of life these services would not
only be household duties, but might also include
services rendered for others, notwithstanding the statute secures to her the wages of
her separate earnings. Her testimony on
the subject or her domestic relations, or condition, was
this: "Am going on forty years old. Am married.
Have been married about twenty years. Am living
with my husband. I have got nine children. The
oldest is eighteen years old. The youngest is four
months old. Besides keeping house for my husband,
I help if I can get any sewing to do, sewing for anybody. Something like that, to help support the family.
My husband helps to make a living for the family and
I keep house for him." The loss of service, thus
described, was the loss of the husband and for which,

*——: ——: intention of wife.*

as before stated, he only could sue; and it was therefore error to permit her to recover anything under that head. The fact that she did sewing for others than her family does not alter the rule; for it is clear from her testimony that she did not intend the income thereof to go to her separate or individual use. It is apparent that she did it as an aid and service to the husband in the support of the family.

2. Reference was made at the argument to the statute, sections 6864, 6869, Revised Statutes 1889, in relation to the property rights of married women. The latter section has been held not to apply to a case where the earnings resulted from the joint effort of husband and wife, nothing appearing to indicate an intention to reserve the wife's earnings to her separate use. *Plummer v. Trost*, 81 Mo. 425.

MARRIED women: construction of statute: wife's intention: damages.

But since that case was decided, section 6864 has been enacted and it is said to enlarge the wife's property rights. The statute does empower her "to carry on and transact business on her own account." But it does not, of course, have the effect to compel her to transact, "on her own account," whatever business she may do. She can do so, but she need not do so. And when her labor is intended to aid the husband in the support of the family, it will be considered labor for the husband; and for the loss of which he would be entitled to recover. The judgment will be reversed and cause remanded. All concur.