KRONER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, March 15, 1904.**

1. **CARRIER OF PASSENGERS: Passenger Alighting.** Where a car was stopped at a passenger's destination for the purpose of allowing her to alight, but before she had a reasonable time to do so, and while she was moving to the rear platform for the purpose of leaving the car, it was put in motion with such violence as to throw and injure her, the street railway company was negligent and liable to her for the injuries so received.

2. **DAMAGES: Married Woman: Separate Labor.** In an action by a married woman for damages for personal injuries, she can not recover for loss of earning capacity, where the evidence showed that the only labors she performed were her household duties as wife. Section 4340, Revised Statutes of 1899 does not apply in such a case.

3. ———: ———: ———. At common law, the diminished ability of a married woman to perform household duties, caused by personal injuries, is the loss of a husband and he alone is entitled to sue for damages for the same.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, George W. Easley* and *Glendy B. Arnold* for appellant.

(1)    The plaintiff's alleged cause of action was based on the starting of the car with a sudden jerk and shock. Without such allegation the petition would not state a cause of action, and it was error to submit the question, as was done by the plaintiff's first instruction, on the fact of a "mere start into motion." Barth v. Railroad, 142 Mo. 535; Dougherty v. Railroad, 97 Mo. 647; Smith v. Railroad, 108 Mo. 243; Jackson v. Railroad, 118 Mo. 199; Gilson v. Railroad, 76 Mo. 282; Furnish v. Railroad, 102 Mo. 438; Jacquin v. Railroad, 75 Mo. App. 320; Prior v. Mer. St. Railway, 85 Mo. App. 364. (2) The second clause of plaintiff's second instruction is erroneous. It authorizes a recovery for disabling plaintiff to earn money by her separate labor. There was no evidence whatever that she ever performed any separate labor, or had in any manner any separate earnings, if thereby was meant earnings separate from her husband's right to them. Smith v. St. Joseph, 55 Mo. 456; Plummer v. Trost, 81 Mo. 425; Blair v. Railway, 89 Mo. 334; Lavelle v. Stifel, 37 Mo. App. 525; Ross v. Kansas City, 48 Mo. App. 446; Bishop's Non-contract Law, sec. 542; Schouler on Husband and Wife, secs. 143, 294, 295; Morrill on City Negligence, pp. 219, 220; Tiffany's Persons and Domestic Relations, pp. 72, 73; Plummer v. City of Milan, 70 Mo. App. 602; Voorheis on Dam., sec. 152; Watson on Pers. Inj., sec. 500. Nor does our statute in relation to the property rights of married women at all change the rule. Culler v. Railroad, 84 Mo. App. 347.

*A. R. Taylor* for respondent.

## STATEMENT.

The petition in part is as follows:

"That on the twelfth day of December, 1902, at Eighth and Morgan streets in the city of St. Louis the defendant by its servants in charge of the south-bound car on Eighth street received the plaintiff as a passenger thereon and for a valuable consideration paid by plaintiff to the defendant, the defendant undertook and agreed with the plaintiff to safely carry her to her point of destination on the defendant's road, said destination being California avenue and Arsenal street, and to there stop said car a reasonable time to allow the plaintiff time and opportunity to alight from said car, while it was so stopped at said place. Yet the plaintiff avers that defendant's servants in charge of said car, unmindful of its said undertaking and duty in the premises did, whilst said car was stopped at said destination to enable plaintiff and other pasengers to alight from said car, and whilst the plaintiff was proceeding to alight from said car whilst so stopped, and before she had a reasonable time or opportunity to do so, negligently caused and suffered said car to start and be in motion and to sustain a jerk and shock whereby the plaintiff was thrown down upon said car and sustained great and permanent injuries, upon her head and body."

The answer was a general denial.

The evidence tended to prove that the plaintiff became a passenger on defendant's car at Eighth and Morgan streets and was carried as such passenger to her destination. That her seat in the car was the first seat behind the motorman, being at the front end of the car. That as the car approached her destination— California avenue and Arsenal street—she gave the signal, by pushing the electric button, of her intention to get off at such destination; that the car slowed down and stopped at such destination; that she immediately

rose in her seat, and was proceeding to the rear platform through the aisle of the car to get off, starting before the car had fully stopped; that while the car was stopped, and while she was near the rear door of the car, on her way to the platform, the car started up and by the motion and shock of the car she was thrown down in the car and sustained the injuries she complains of.

A woman passenger from a seat near the rear end had gotten off while the car was stopped.

That the car was standing when the plaintiff was on her way to get off, was also testified to by one of defendant's witnesses as follows:

"Q. She seemed to be getting off the best way she could? A. Evidently, yes, sir.

"Q. When you saw her and when the car started she was walking toward the rear door of the rear platform? A. Yes, sir."

This evidence shows that the car started while plaintiff was walking to the rear platform.

The injuries were serious and permanent, partially disabling her from labor. She has never been able to work since the injury as she did before her hurt. Doctor Hochdorfer testified that her leg will never be normal again; that she will never have full and perfect use of her limb.

The evidence disclosed that the plaintiff was at the time a married woman.

The plaintiff offered no evidence in regard to any separate earnings. The only evidence in regard to labor was the following in her direct examination:

"Q. Since your hurt—since this accident happened to you, what has been your ability to do work and labor? A. As much as I could do. I never have done very hard work, just managing my children and husband and telling them how to do the work.

"Q. That is a pretty stiff job—managing your husband? A. I expect you know what I mean.

"Q. Yes. Have you been able to work as you did before you were hurt? A. Never; no, sir."

The evidence as to the manner of starting the car was the following in her direct examination.

"Q. Describe to the jury what kind of a start that was. A. It started with a jerk, and I, not expecting it—I had a dozen bundles and little parcels, and it threw me down."

On this state of facts the court instructed for plaintiff that if "defendant's agents negligently caused or suffered said car to start into motion," etc., then the plaintiff could recover. The court also instructed that the jury should assess to plaintiff, among other things, such sum as would be fair compensation to her.

"2. For any disabling of her capacity to earn money, by her separate labor, which the jury may believe, from the evidence, the plaintiff has sustained or will hereafter sustain by reason of her injuries, and directly caused thereby."

The defendant saved exceptions to each of said instructions, and has appealed to this court.

BLAND, P. J. (after stating the facts).—1. Plaintiff having become a passenger on defendant's street car, she continued to be a passenger until she reached her place of destination and was there allowed a reasonable length of time to leave the car and descend to the pavement, and the defendant owed her that high degree of care which a carrier is bound to exercise for the safety of its passengers until she reached the pavement. If, therefore, as the plaintiff's evidence tends to show, the car arrived at plaintiff's place of destination and stopped to allow her to alight and before she had a reasonable time to do so, and while she was moving to the rear platform for the purpose of leaving the car, it was put in motion with such violence as to throw her and

she was injured, defendant is liable. Keller v. Railroad, 27 Minn. 182, approvingly cited in Becker v. Lincoln Real Es. & Bldg. Co., 174 Mo. 251; Dougherty v. Railroad, 81 Mo. 325; Barth v. Railway, 142 Mo. 535; Akersloot v. Railroad, 15 L. R. A. (N. Y.) 489; Holmes v. Allegheny Traction Co., 153 Pa. St. 152; Central Railway Company v. Smith, 74 Md. 212; Steeg v. Railway, 50 Minn. 149.

2. The second paragraph of plaintiff's instruction on the measure of damages is erroneous. Plaintiff did not testify that she had ever earned money by her separate labor, her time and labor, so far as the evidence shows, had been expended in the performance of her household duties as a wife and mother. But it is contended by plaintiff that by section 4340, Revised Statutes 1899, she is entitled to the wages of her separate labor as her sole and separate propety. What is meant in this section by separate labor, is not the labor expended by a wife in the performance of her household duties, but labor entirely disconnected with those duties and performed for the purpose of earning money wages. Where the evidence shows nothing to the contrary, the presumption is to be indulged that the household duties of the wife constitute her ordinary vocation of life and that her services are rendered for her husband. Wallis v. Westport, 82 Mo. App. 522; Downing v. Railway, 70 Mo. App. 657. An injury to the wife resulting in disability to perform these services does not afford her the right to recover for the loss. The loss, at common law, is the husband's loss and he alone is entitled to sue and recover for the same. Blair v. Railroad, 89 Mo. 334; Smith v. St. Joseph, 55 Mo. 456; Lavelle v. Stifel, 37 Mo. App. 525. The statute giving the wife the right to her separate earnings has not changed this common law rule. Lavelle v. Stifel, supra; Plummer v. City of Milan, 70 Mo. App. 598.

For error in the second paragraph of the instruction on the measure of damages, the judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.