## NEWELL, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, December 13, 1904.

1. **PERSONAL INJURIES: Married Woman: Damages for Inability to Perform Household Duties.** A married woman, in an action for personal injuries, is not entitled to recover damages for time lost from her household duties, and inability to perform them, because of her injuries.

2. ———: ———: ———: **Instruction.** And where, in such an action, the petition alleged that plaintiff had lost her capacity to earn money because of the injuries, and the evidence showed that she had never done any labor except to take care of her children and perform household duties, and that her injuries caused partial paralysis which would interfere with the discharge of such duties, it was error to refuse an instruction offered by defendant to the effect that she could not recover any sum on account of her inability to perform her household duties.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas,* Judge.

REVERSED AND REMANDED.

*Sears Lehmann, George W. Easley* and *Boyle, Priest & Lehmann* for appellant.

Under a petition alleging permanent disability to labor and to earn money, a married woman residing at home with her husband and children, and having no

other business or occupation than that of a housewife, is not entitled to an instruction giving her the unqualified right to all damages resulting from "physical inconvenience." This error in plaintiff's second instruction is emphasized by the refusal of defendant's instruction "C." The doctrine of that instruction is too well settled to require further insistence. Its refusal was error. Plummer v. Milan, 70 Mo. App. 598; Ross v. Kansas City, 48 Mo. App. 446; Lavelle v. Stifel, 37 Mo. App. 529; Walis v. Westport, 82 Mo. App. 522; Smith v. St. Joseph, 55 Mo. 456; Plummer v. Trost, 81 Mo. 425; Blair v. Railway, 89 Mo. 334; Bishop's Non-Contract Law, sec. 542; Schouler, Husb. and Wife, secs. 143, 294, 295; Morrill on City Negligence, pp. 219, 220; Tiffany's Persons and Domestic Relations, pp. 72, 73.

GOODE, J.—According to the verdict of the jury the plaintiff got hurt by the premature starting of a car of the defendant company, while she was alighting from it. The errors assigned on this appeal are the giving of an instruction on the measure of damages at the instance of the plaintiff, and the refusal of an instruction asked by the defendant. The given instruction was as follows:

"If the jury find for the plaintiff, they should assess her damages at such sum as they may believe from the evidence will be a fair compensation to her for any pain of body or mind and physical inconvenience and impairment of health which the jury may believe from the evidence the plaintiff has suffered or will hereafter suffer by reason of said injuries and directly caused thereby."

The refused instruction requested by the defendant read:

"The court instructs you that plaintiff can not recover any sum whatever on account of her inability to perform her household duties or for any loss of time

from her household duties which she may have heretofore sustained or may hereafter sustain."

The defendant attacks the instruction on the measure of damages for allowing compensation to be awarded not only for pain of body and mind and the impairment of health which the plaintiff had suffered or would suffer by reason of her injury, but also for past and prospective "physical inconvenience." The contention is that this phrase, "physical inconvenience," was too vague to constitute a definite element of damages. Undoubtedly it was rather broad and uncertain. "Inconvenience" without the qualification of the adjective "physical" was condemned as too vague to be an element of damages in Root v. Railway, 83 N. Y. 94, and Jenson v. Railway, 86 Wis. 589. It was held to be properly taken into consideration in Miller v. Steamship Co., 6 N. Y. St. 664. See, too, 1 Joyce, Damages, sec. 181.

This plaintiff is a married woman and was when injured. Therefore she was not entitled to recover damages from the defendant for time lost from her household duties and inability to perform them because of her injury. Plummer v. Milan, 70 Mo. App. 598; Kroner v. Transit Co., 107 Mo. App. 41, 80 S. W. 915. In the given instruction on the measure of damages, the court did not permit a recovery for loss of time from household duties; but the defendant contends the phrase "physical inconvenience" is so vague the jury might have understood it to mean "physical inconvenience" in attending to her household duties; that, therefore, it was entitled to the requested instruction that she could not recover for inability to perform those duties. This argument is rather weak. But the jury were not instructed fully on the measure of damages. In view of the petition and the evidence, the defendant was entitled to the instruction asked in regard to plaintiff's inability to perform her household duties being no element of damages. Her counsel say that loss of abil-

ity to labor or earn money was not asked for in the petition; but he is mistaken. In enumerating the several items of damage suffered, the petition says the plaintiff "has been permanently crippled and disabled for labor and has lost her capacity to earn money," etc. The plaintiff testified that since her marriage she had never done any labor except to take care of her children and perform household tasks, and the evidence showed a state of partial paralysis in consequence of her injury that would interfere with the discharge of such duties. Clearer advice as to what compensation could be properly assessed in favor of the plaintiff should should have been given. The judgment is, therefore, reversed and the cause remanded. All concur.