MATTHEW MOORE, Defendant in Error, v. FRANK SAUBORIN, Plaintiff in Error.

1. *Practice — Trial — Instructions.*—Where the instructions taken as a whole present the law of the case correctly, any objection to any one by itself, though good, will not be considered a misdirection of the jury.
2. *Actions — Malicious Prosecution, grounds of.*—In, an action for malicious prosecution, malice and want of probable cause together constitute the ground upon which alone the plaintiff can recover. The existence of both must be made to appear, although direct proof of malice is not necessary where the want of probable cause is satisfactorily established. In such cases the prosecution must be wholly ended and determined, but proof of innocence is not necessary to support the action. .
3. *Actions — Malicious Prosecutions—Declarations.*—In such actions, declarations of the defendant to show that he was not actuated by malice in commencing the prosecution are inadmissible.
4. *Practice —Answer — New Matter — Failure to Reply — Testimony.*—Under the sixteenth and twenty-sixth sections of chapter 165 of the Practice Act (Gen. Stat. 1865, pp. 659, 661), where defendant's answer set up new matter amounting to a substantial defense, and plaintiff failed to reply thereto, such matter stood confessed, and entitled defendant to judgment. He was not bound to introduce any evidence upon that point; and this court will not look to the bill of exceptions for the purpose of ascertaining whether it is sustained by the proof made or not.

### Error to Sixth District Court.

Defendant in this action had originally instituted proceedings against plaintiff before David Bruner, justice of Montgomery county, upon an affidavit charging him with having stolen a certain neck-yoke and mule-stock. The material facts generally appear in the opinion of the court.

On the trial of the present cause the following instructions were given by the court at the instance of plaintiff, to which the defendant excepted :

1. If the jury believe from the evidence that the defendant made an affidavit before David Bruner, a justice of the peace, and caused the plaintiff to be arrested on a charge of larceny, and that the defendant had not probable cause to believe him guilty of the charge, they will find a verdict for the plaintiff and assess his damage at a sum not greater than three thousand dollars.

2. Although the jury may believe from the evidence that the neck-yoke was the property of defendant, and that it was in the

blacksmith shop of plaintiff, yet unless the defendant had reasonable cause to believe that the plaintiff had taken, stolen, and carried away the property of defendant, they will find a verdict for the plaintiff.

3. If the jury find from the evidence that the defendant did not have reasonable cause to believe that the plaintiff had taken, stolen, and carried away the neck-yoke of defendant, then the jury may infer malice, and it is not necessary that the plaintiff should prove express malice.

4. If the jury should find a verdict for the plaintiff, they may take into consideration the actual damage, if any, he may have sustained to his character by the prosecution of him by the defendant; the trouble, inconvenience, and expense that he was put to; and also, the insult to his feelings; may render their verdict for any amount not exceeding three thousand dollars.

The court gave, at its own instance, the following instructions:

1. The plaintiff, to sustain his action, must prove malice in defendant, and also that there was no probable cause to institute the proceedings complained of, and that plaintiff has been damaged thereby.

2. That in this case it is not necessary for defendant to prove that the plaintiff stole or intended to steal, or was actually guilty of any offense whatsoever; for if there was any probable cause for the prosecution, the jury must find for the defendant.

3. If the jury find from the evidence in the case that the defendant was not prompted by malice, but solely by a desire to regain his property in a lawful manner, they will find for the defendant.

4. If the jury find that the defendant did wrongfully prosecute the plaintiff without sufficient cause, but was actuated by malice, they will find for the plaintiff.

*F. J. Bowman,* for plaintiff in error.

I. The new matter set forth in the amended answer of the defendant below is a full and sufficient defense to the action; and as no reply was made by plaintiff, the new matter set forth stands

confessed, and judgment should have been entered thereon in favor of the defendant. (Gen. Stat. 1865, ch. 168, § 19; id. ch. 165, §§ 12, 16.)

II. The evidence shows that a full and final settlement of the whole controversy, as between the plaintiff and defendant, had been made before the commencement of this suit.

III. In actions for malicious prosecution it must appear that the plaintiff was acquitted of the charge made and complained of; whereas in this case the plaintiff below was found guilty, so far as any decision was rendered, of the charge preferred by the defendant below. (3 Blackst. Com. 126–7; 6 Mod. Rep. 216; 4 Cush. 217; 2 Greenl. on Ev. 452; 39 Penn. St. 288, a case distinctly in point; McCormick v. Sisson, 7 Cow. 715.)

IV. In the examination of David Bruner, defendant should have been allowed to show the conversation between the witness and defendant at the time of making the affidavit complained of, for the purpose of showing the want of malice upon the part of the defendant. (2 Greenl. on Ev. 453–4; Barron v. Mason, 31 Verm. 189; Antoinette Swain v. Jno. M. Stafford, 4 Ired. 392; 4 Verm. 363.)

V. The first instruction given by the court below, at the instance of the plaintiff, directs the jury to find for the plaintiff, although no malice be shown. This was clearly erroneous; for malice, as well as want of probable cause, must be shown, to entitle the plaintiff to recover. (Farmer v. Darling, 4 Bur. 1971, 1974; 39 Mo. 39; 2 Greenl. on Ev. 453; Johnson v. Sutton, 1 T. R. 510; id. 349; 1 Brown's P. C. 76.)

VI. If an erroneous instruction is given, the error is not cured by the giving of other instructions which, taken as a whole, may be considered as fairly presenting the law governing the case. (38 Mo. 268; Hickman v. Griffin, 6 Mo. 43; Jones v. Talbot, 4 Mo. 279; Alexander v. Harrison et al., 38 Mo. 268.)

VII. The second instruction given by the court below, at the instance of the plaintiff, is erroneous. (4 Ired. 392; Garton v. De Angelis, 6 Wend. 418; Alexander v. Harrison et al., 38 Mo. 368.)

*L. A. Thompson*, for defendant in error.

I. The court below properly sustained the objection by plaintiff's counsel to the introduction of testimony to show that defendant was advised by the justice of the peace issuing the warrant that a criminal prosecution was warranted. (Williams v. Van Meter, 8 Mo. 339; Beal v. Robinson, 8 Ired. 276.)

II. The court below properly declared the law in giving the instructions to the jury. (Hickman v. Griffin, 6 Mo. 37; Brant v. Higgins, 10 Mo. 728; Casperson v. Sproule, 39 Mo. 39; Callahan v. Cafferata, 39 Mo. 136; Munns v. Dupont, 3 Washington's Cir. Court R. 31.)

FAGG, Judge, delivered the opinion of the court.

This was an action for malicious prosecution instituted in the Montgomery Circuit Court. The plaintiff obtained a judgment, which, upon an appeal taken to the Sixth District Court, was affirmed, and the case is now brought here by writ of error.

The points raised by the plaintiff in error refer to the exclusion of testimony offered on the part of the defendant below, the giving and refusing of instructions, and the failure of the plaintiff to reply to the new matter set up in the answer.

This court has frequently held that, when the instructions taken as a whole present the law of the case correctly, any objection to any one by itself, though good, will not be considered a misdirection of the jury.

Malice and want of probable cause together constitute the ground upon which alone the plaintiff can recover in such an action as this. The existence of both must be made to appear, although direct proof of malice is not necessary where the want of probable cause is satisfactorily established.

Without an examination in detail of the instructions given, it will be sufficient to say, generally, that they presented the law correctly, and in all respects as favorably for the defendant as the facts in the case warranted. Both of the instructions asked by the defendant were properly refused.

The theory of the defense, as gathered from these declarations

32—XLII.

of law, as well as the argument here, seems to be that to entitle the plaintiff to recover in this action it was incumbent on him to establish, to the satisfaction of the jury, his innocence of the crime charged against him by the defendant.

Such is not the law. The prosecution, it is true, must be wholly ended and determined; but it does not follow that the actual proof of innocence is necessary to support the action. It can make no sort of difference in this case to consider the extent to which courts have gone in protecting defendants on the ground of probable cause, where they have acted upon the advice of counsel learned in the law. It is clear that the advice of the justice is not such as is contemplated by the authorities upon this point; and the court committed no error in refusing the second instruction. (Williams v. Van Meter, 8 Mo. 303.)

It follows, also, that the evidence sought to be introduced upon this point was properly excluded by the court. It is difficult to understand why the declarations of Sabourin, made to Runkle or any body else, should be insisted upon as competent evidence to show that he was not actuated by malice in commencing the prosecution before the justice. There are no circumstances that can justify the introduction of such testimony, and it must be held inadmissible for any purpose in this case. By reference to the pleadings, it will be seen that in the amended answer filed by consent during the progress of the trial, in addition to the specific denial of the allegations in the petition, there is new matter set up by way of defense that was not replied to by the plaintiff. At the time of the return by the constable of the property alleged to have been stolen, with the party accused, it is averred that the property "was then and there delivered to this defendant, and plaintiff and defendant did each pay one-half the costs of said search-warrant, to-wit: the sum of one dollar and fifty cents; and defendant says that a full and complete settlement of all difficulty, damages, and liabilities, as between this defendant and said Matthew Moore, by reason of the issuing of such search-warrant, was then and there made." The sixteenth section of chapter 165, Gen. Stat. 1865, is explicit in declaring that, upon a failure to reply or demur to such new matter "within the time

Moore v. Sauborin.

prescribed by the rule or order of the court, the defendant shall have such judgment as he is entitled to upon such statement."

The provisions of the thirty-sixth section of the same chapter are equally explicit in directing that "every material allegation of new matter contained in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true." We are not called upon to scrutinize very closely the averment of this new matter. There was no demurrer to it. The object evidently was to set up such a settlement or compromise of the whole matter, made between the parties at the time of their appearance before the justice, as amounted to a release of the defendant from all liability on account of the prosecution that had been instituted against the plaintiff. This, if true, was a defense to the action. Without a reply, it stood confessed upon the record and entitled the defendant to a judgment. He was not bound to introduce any evidence upon that point, and we shall not look to the bill of exceptions for the purpose of ascertaining whether it is sustained by the proof made or not.

For this error in the proceedings had in the Circuit Court, the other judges concurring, the judgment will be reversed and the case remanded for a new trial.

It is proper to remark that the transcript does not present this case here in proper shape. There is such a blending together of the record proper with the matters that should be separately presented in the bill of exceptions as to produce great confusion in tracing out the steps taken in the progress of the cause. It is easy enough to have a separate copy made of the entire record in the case, so as to show all the proceedings, with every order and judgment of the court, with the proper dates of filing and entry of the same. Then the bill of exceptions should contain the evidence in the cause, with all the matters of exception that arise during the progress of the trial. In this case the original answer of the defendant is omitted altogether, and the time of trial and filing of amended answer is stated with so much confusion as to make it a matter of doubt whether it was filed before or after verdict. The responsibility of having the transcript in proper shape rests upon the attorneys who bring their causes to this court.

The additional amount of labor and trouble imposed upon the judges, where they fail to perform their duties in this respect,. requires that especial attention be called to the fact, so that it may not occur in future.