Henschen, et al. v. O'Bannon.

————o————

FREDERICK W. HENSCHEN, *et al.*, Respondents, *vs.* JOHN T. O'BANNON, Appellant.

1. *Practice, civil—Instructions, should cover the whole case.*—Instructions should be founded upon all the evidence and take in the whole case; but a judgment will not be reversed because one is technically erroneous, provided the instructions given, taken together, fairly present the law on both sides of the case and in a manner not likely to mislead.

2. *Practice, civil—Instructions.*—The giving of inconsistent instructions is error.

*Appeal from St. Louis Circuit Court.*

*C. M. Napton*, for Appellant.

*Lubke & Player*, for Respondents.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs, who were millers and flour merchants, brought their action to recover of defendant the price of twenty-five barrels of flour, which they sold to him on the 28th day of December, 1867. Defendant by an amended answer pleaded a discharge in bankruptcy, to which plaintiffs replied that the debt sued for was fraudulently contracted by defendant, and was therefore excepted from the discharge pleaded in the answer. Upon this issue there was a trial before a jury and a verdict was rendered for the plaintiffs, and the cause has been brought here for review by appeal.

There was evidence tending to show that on the 28th day of December, 1867, defendant called on plaintiffs at their store and wanted to buy the flour; that defendant represented to plaintiffs that he had money in bank, and that it was then late in the afternoon of Saturday, and that he would give them a check for the bill on Monday morning following; that he wanted the flour to fill an order, and requested plaintiffs to send the same to a steamboat lying at the wharf; that plaintiffs, believing defendant's statement about his having money in bank to pay with, shipped the flour and sent defendant the dray ticket, and on Monday sent for the money, but defendant was not to be found, and they never received any part of the money for the flour. It appeared also that when these representations were made, defendant had no money in bank, or anywhere else; that he shipped the flour, and drew against the shipment, and received the money and used it for his private purposes. On the 18th of January, 1868, defendant filed a voluntary petition in bankruptcy, in which he was afterwards discharged.

Three instructions were given at the trial, one for the plaintiffs, and two for the defendant; for the plaintiffs the court instructed the jury that if they believed from the evidence that defendant, at the time when he purchased the flour in controversy from plaintiffs, represented to them that he had money in bank, and that thereupon the plaintiffs, upon the faith of such statements, sold and delivered the flour, and

that the representation by defendant, that he had money in the bank, was a material inducement to plaintiffs to make such sale, and was false and known to be false by the defendant, then they should find that the debt sued for was created by the fraud of the defendant, and they should find for the plaintiffs.

For the defendant the court instructed the jury, first, that fraud was not presumed in law, but must be shown affirmatively; that the burden of proof was on the plaintiffs, and to entitle them to recover in the case, they must establish to the satisfaction of the jury that defendant, at the time he purchased the flour, intended to defraud plaintiffs. Second, that defendant's discharge in bankruptcy released him from the debt sued on, unless said debt was contracted by fraud, and they were instructed to find for the defendant unless plaintiffs had satisfied them by a preponderance of testimony that he bought the flour, intending at the time not to pay for the same, according to the agreement between the parties.

The only ground of objection now raised in this court is, that there was error in giving plaintiff's instruction. The instruction taken by itself is obviously bad. We have frequently condemned the practice of singling out particular facts in a case and telling the jury that if they find them in a certain way they must render their verdict accordingly. Instructions should be founded on all the evidence and take in the whole case. But it is equally well established that we will not reverse a judgment because one of the instructions is technically erroneous, provided the instructions given, all taken together, fairly present the law on both sides of the case to the jury and present the whole case in a manner that is not calculated to mislead. (Moore vs. Sanborin, 42 Mo., 490; McKeon vs. Citizens' Railway Company, 43 Mo., 405; Marshall vs. Thames Fire Insurance Company, 43 Mo., 586; Budd vs. Hoffheimer, 52 Mo., 297; Porter vs. Harrison, Ib., 524.)

The two instructions given on the request of the defendant fully supply all omissions in plaintiff's instruction. They

devolve on the plaintiffs the burden of proving affirmatively that when defendant purchased the flour he intended to defraud plaintiffs, and not to pay for the same according to the agreement between the parties. When all the instructions are fairly considered together, they surely had no tendency to mislead. Where instructions are given that are inconsistent, it will be error, for the reason that the jury is as likely to follow the one as the other; but in the present case no such inconsistency occurs; the one was not sufficiently comprehensive, but the others clearly and fully supply the deficiency, and I am therefore of the opinion that there is no good ground for disturbing the judgment.

It must be accordingly affirmed. The other judges concur.