## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1899.

---

(*Continued from Volume 79.*)

---

MERRILL PIPKIN, Defendant in Error, v. NATIONAL
LOAN AND INVESTMENT ASSOCIATION, Plaintiff
in Error.

St. Louis Court of Appeals, April 18, 1899.

1. **Practice, Appellate**: SUFFICIENCY OF PETITION. In the case at
bar no objection to the sufficiency of the petition was raised in the
lower court, hence the petition will be held sufficient to support the
judgment unless it wholly fails to state a cause of action.

2. **Service**: DEMURRER TO PETITION. In the case at bar the service
was regular and in due form and upon the president of the company.
Held, that the trial court correctly overruled defendant's demurrer to
the petition on the ground of want of service.

VOL. 80 app—1                                    (1)

*Appeal from the St. Francois Circuit Court.*—HON.
JAMES D. FOX, Judge.

AFFIRMED.

M. R. SMITH for appellant.

The counter propositions of respondent to the third assignment of error by appellant is, that the trial court had jurisdiction of the appellant loan and investment association, and that its judgment is valid.    R. S. 1889, secs. 2526, 2527, 2528 and 2529; Mikel v. Railway, 54 Mo. 145; Rippstein v. Ins. Co., 57 Mo. 86; Roberts v. Ins. Co., 26 Mo. App. 94; Hoen v. Railway, 64 Mo. 563. The objection to respondent's petition, not having been made by demurrer or answer in the lower court, can now be sustained only on the ground that the petition wholly fails to state a cause of action. R. S. 1889, sec. 2047; McDermott v. Claas, 104 Mo. 21; Paddock v. Somes, 102 Mo. 235.    The first count of the petition is in the form of the old count in assumpsit for money had and received.    1 Chitty on Plead., star p. 351; Green & Meyers, Mo. Prac. and Plead., p. 256, sec. 658; Davis v. Krum, 12 Mo. 286. For the recovery of money had and received, this old count in assumpsit has been universally adopted, and is the common procedure in every state in the union.    And while it may not, strictly speaking, fall within the broadest interpretation of the code, yet its use is so common in this state, as to be unalterably fixed in our procedure, by precedent.    Its legal meaning is as well understood as is the ordinary petition in ejectment.    Davis v. Krum, *supra;* Green v. Meyers, Mo. Prac. and Plead., p. 256; Moore v. Mfg. Co., 113 Mo. 107; Fox v. Car Co., 16 Mo. App. 127.    These common counts in assumpsit have been repeatedly approved by our supreme court as good pleading.    Mansur v. Botts, 80 Mo. 655; Moore v. Mfg. Co., 113 Mo. 107; Fox v. Car Co., 16 Mo. App. 127. The question of jurisdiction of the person, as well as the

subject-matter, must be raised by a special plea for that purpose or answer, unless the want of jurisdiction appears on the fact of the petition, or in this case on the face of the second count of the amended petition. Chouteau v. Allen, 70 Mo. 354; Hembree v. Campbell, 8 Mo. 572.

T. J. MURRAY for plaintiff in error.

There could rightly be but one recovery for the same wrong, and the statement of the same facts will not support a recovery upon two counts in the same petition. Spurlock v. Railway, 93 Mo. 530; Silcox & Martin v. McKinney, 64 Mo. App. 330; Druiding v. Lyons, 7 Mo. App. 199. Parties are bound by their pleadings, and courts can not give relief inconsistent with the statement of facts and admissions contained therein, and the recitals made in the judgment not warranted by the petition are not binding on the defendant even in collateral proceeding. Ramey v. Henderson, 91 Mo. 590. Suits instituted by summons shall, except as otherwise provided by law, be brought first, when the defendant is a resident of the state, either in the county within which the defendant resides or in the county within which the plaintiff resides and the defendant may be found, etc. R. S. 1889, sec. 2009; Christian v. Williams, 111 Mo. 429; Bracket v. Bracket, 61 Mo. 221; Perry v. Harper, 42 Mo. 131. The residence of a corporation is where it exercises its corporate functions and franchises. Smith v. Pilot Mining Co., 47 Mo. App. 409; Connor v. Moksburg Me. R. & Co., 1 L. R. A. 331.

BLAND, P. J.—The amended petition alleged in substance that the defendant is a corporation, incorporated under the provisions of article 9, chapter 42, Revised Statutes 1889; that its chief and home office is located in the city of Springfield, in Greene county, Missouri; that it has no office, agent or officer in the county of St. Francois,

where or upon whom service of process of any kind can be had, and that this fact was so adjudged by the circuit court of St. Francois county, on May 29, 1897, upon motion of plaintiff and testimony introduced in support thereof, as is evidenced by a record entry to that effect; that plaintiffs cause of action accrued in St. Francois county.    Then follows two declarations or counts.    The first is for money had and received, and prays judgment for $75 and interest.    The second count is for costs of a lawsuit which plaintiff says he was compelled to pay in defending a lawsuit brought to recover the principal and interest due on plaintiff's negotiable promissory note, which it is alleged the defendant got possession of fraudulently and transferred to the Central National Bank of Springfield for the purpose of defrauding the plaintiff.    Summons by order of the St. Francois circuit court was directed to the sheriff of Greene county, who made the following return thereon:

"Executed the within writ in the city of Springfield, and in the county of Greene, and state of Missouri (the place of the home office of the National Loan and Investment Association of Springfield, Missouri, hereinafter mentioned) on the 11th of July, 1898, by delivering a true copy of this writ and of the original petition thereto attached, as directed to me (sheriff of Greene county) by J. C. Alexander, clerk of the circuit court of St. Francois county, Missouri, to George M. Jones, the president of the National Loan and Investment Association, of Springfield, Missouri, who is the chief officer of said National Loan and Investment Association, and who resides in the city of Springfield aforesaid, said Association having no office or agent in the said county of St. Francois, 'for the transaction of its usual and customary business.' I base this last certification on the statement to me by R. P. Haldeman, secretary and general manager of said Association, that it had no officers in St. Francois county, Mo."

The defendant appeared in response to the summons and filed the following demurrer:

"Now comes the defendant in the above entitled cause by its attorney, and demurs to plaintiff's petition and bill filed therein, and asks that the same be dismissed for the following reasons:

"First. Because it does not appear from the plaintiff's petition and bill, and officer's return on the writ, that this court has jurisdiction of the person of the defendant.

"Second. Because the plaintiff's petition and bill shows on its face that the defendant is a corporation organized under the laws of the state of Missouri, and that its principal office and place of business is in Springfield, Greene county, Missouri, where its usual and customary business is transacted, and the officer's return to the writ shows it was served on the defendant in Greene county, Missouri.

DEMURRER.

"Third. Because the plaintiff's petition and bill and the officer's return shows that defendant is not within the jurisdiction of this court, and that the court has no authority to finally hear and determine the issues set up in plaintiff's petition. Wherefore defendant prays judgment, whether it shall be compelled to answer said petition and bill."

The demurrer was overruled and at the November term, 1898, the defendant failing to appear further, the cause was submitted to the court, who made special findings for plaintiff, assessed his damages on both counts at $183, and rendered judgment therefor. The cause is here on writ of error sued out by the defendant. The following assignments of error are made:

"1. The petition does not state facts sufficient to constitute a cause of action.

"2. The judgment is excessive and does not conform with the allegations in the petition.

"3.    The court had no jurisdiction of the person of the defendant, and could not render a judgment for any sum against the defendant."

No objection to the sufficiency of the petition was raised in the lower court, hence the petition will be held sufficient to support the judgment, unless it wholly fails to state a cause of action.   R. S. 1889, sec. 2047, McDermott v. Claas, 104 Mo. 21; Paddock v. Somes, 102 Mo. 235.   The first count is in assumpsit for money had and received in common law form and good at common law, and is permissible under the code.   Moore v. Mfg. Co., 113 Mo. loc. cit. 107; Fox v. Car Co., 16 Mo. App. loc. cit. 126; Mansur·v. Botts, 80 Mo. 655.   Green and Meyer in their work on Missouri Practice and Pleading at section 256 in discussing the common count for money had and received, say:   "The count for money had and received is a very important one, and in some respects, differs from all other common law actions.   It is a sort of connecting link between law and equity, and by the use of the very convenient fiction of an implied promise, this count will lie to recover any money which the defendant has received, or in any manner obtained possession of, which, in equity and good faith and conscience, he ought to pay over to the plaintiff."

The second count is for costs which the plaintiff—as the result of the litigation conclusively shows—unnecessarily paid out in resisting the payment of his negotiable promissory note at the suit of an innocent indorser for value.   It was his duty to pay without litigation, and according to all the authorities he can not recover such costs of the defendant who was not a party to the action, nor had even notice of it from aught that the record discloses.

The contention that the court did not obtain jurisdiction of the person of the defendant, is without merit.   It is alleged in the petition that the cause of action accrued

Pipkin v. Nat. Loan & Inv. Ass'n.

in St. Francois county.    This being the case and the defendant, being a corporation, section 2529, expressly authorized the suit to be brought in that county, and the finding of the court on May 29, 1897, that the defendant could not be served with process in St. Francois county and that its home office was in Greene county, authorized the issuance of summons to the sheriff of the latter county under the provisions of section 2527, Revised Statutes 1889. SERVICE of process. Mikel v. Railway, 54 Mo. 145; Nevatt v. Springfield Normal School, George Hindman, Garnishee, No. 7307, unreported.    The service was regular and in due form and upon the president of the company—an officer on whom service may be made, section 2527, *supra*—there was therefore no error in the judgment of the court in overruling the defendant's demurrer to the petition. The respondent on oral argument and in his brief offers to remit any amount which this court may find he recovered in excess of the amount he should have recovered.    As has been stated plaintiff was not entitled to recover the costs he paid out in defending the suit against him on his promissory note.    These costs with interest thereon were put into the findings and judgment of the trial court.    His recovery should have been confined to the first count of the petition. On this count, under the evidence and according to the findings of the trial court he was entitled to recover $75 and interest thereon $26.60, total $101.60.    His remittitur of $75 amount recovered on the second count is accepted and judgment for $101.60 is affirmed.    All concur.