# GEORGE W. EBERLY, Respondent, v. CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, November 3, 1902.

1. **Negligence: ALLEGATA ET PROBATA: VARIANCE: JURY QUESTION.** A petition for personal injuries averred that section hands negligently dropped a steel rail upon the ground on the plaintiff's foot. The evidence differed as to whether the rail struck the plaintiff's foot or first struck the ground and then rebounded onto his foot. *Held*, the variance, if any, was not fatal and the evidence was sufficient to carry the case to the jury.

2. ———: ———: ———: ———. Evidence is reviewed and held to be sufficiently conclusive to send the question of negligence to the jury, notwithstanding some repugnancy in plaintiff's testimony.

3. **Trial Practice: DEMURRER TO THE EVIDENCE: INSTRUCTIONS.** The ruling in Hopkins v. Modern Woodmen, 94 Mo. App. 402, that where after the conclusion of all the evidence the parties by a series of instructions submit the case to the jury upon their respective theories and the defendant includes in his series an instruction in the nature of a demurrer to the evidence, which is refused, he is thereby precluded from insisting that there was error in submitting the case to the jury, is adhered to and the Hopkins case is held not to conflict with Glover v. Bolt Company, 153 Mo. 342.

4. **Negligence: CONTRIBUTORY NEGLIGENCE: JURY QUESTION.** Where the inference to be drawn from the evidence is not certain, the question of negligence goes to the jury, and contributory negligence is most generally a question for the jury.

5. ———: ———: ALLEGATA ET PROBATA: VARIANCE: INSTRUCTION. The petition averred that the foreman and section hands negligently dropped a rail, etc. The evidence showed that the men, not the foreman, had hold of the rail. An instruction submitted the question whether the section hands and the foreman, etc., dropped said rail from the hands of the said section men, etc. *Held*, a proper instruction, and that there was no fatal variance between the *allegata* and the *probata*.

6. **Damages: PERSONAL INJURY: INSTRUCTION: VERDICT.** In a case of personal injury, the measure of damages is limited to com-

pensation for pain suffered or that will likely be suffered in the future; for time or earnings lost or that may be lost; for expense of being cured and for permanent injuries; and an instruction summarized in the opinion is approved, and the verdict held not excessive.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes, Judge.*

AFFIRMED.

*O. M. Spencer, Hustin & Brewster* and *H. J. Nelson* for appellant.

(1) The lower court erred in refusing appellant's demurrer to the evidence because the evidence did not prove nor tend to prove that the rail fell directly on respondent's foot, but that it rebounded or rolled on it after falling. (2) Where the plaintiff's own evidence is inconclusive and that of his other witnesses fail to support the issue on his part, but rather that of the opposite party there is not sufficient evidence to be submitted to the jury. Rottmann v. Bohlmann, 28 Mo. App. 399; Weaver v. Railway, 60 Mo. App. 207; Nugent v. Milling Co., 131 Mo. 241; Callahan v. Warne, 40 Mo. 131; Jackson v. Hardin, 83 Mo. 175; Beichenbeck v. Ellerbe, 115 Mo. 588; Hite v. Railroad, 130 Mo. 132. (3) Under the plaintiff's own evidence he was as a matter of law chargeable with contributory negligence. (4) The lower court erred in giving respondent's first instruction. It submitted to the jury whether the foreman was negligent or reckless in dropping the rail when there was not a scintilla of evidence that he had hold of it in any way. "An instruction not predicated on the evidence is erroneous." Paddock v. Stone, 102 Mo. 226; Burgeman v. Railroad, 104 Mo. 77. "No issue should be submitted to the jury about which there is no evidence." Stone v. Hunt, 114 Mo. 74; White v. Cheney, 20 Mo. App. 397. (5) The lower court erred in giving respondent's instruction as to the measure of damages. Stephens

v. Railroad, 96 Mo. 215; Jackman v. Railroad, 57 Mo. 320.

*Pross T. Cross* and *W. S. Herndon* for respondent.

(1) This was sufficient to take the case to the jury and its verdict is final. James v. Life Ass'n, 148 Mo. 1; Lamb v. Railway, 147 Mo. 171; Brennan v. Receivers, 72 Mo. App. 107; Tower v. Pauley, 76 Mo. App. 287; Costello v. Fesler, 80 Mo. App. 107; Hopkins v. Modern Woodmen, 68 S. W. 226, and cases cited. (2) Whether the plaintiff was guilty of contributory negligence or not, was, we take it, a question for the jury, under all the evidence. Weber v. Railway, 100 Mo. 194; Corcoran v. Railway, 105 Mo. 406; Fulks v. Railway, 111 Mo. 340; Hopkins v. Modern Woodmen, supra, and cases cited. (3) The second assignment of error, it seems to us, is somewhat "far fetched." A reading of the whole instruction will show that the point made by the appellant is not well taken. The instruction is based on the petition and evidence and properly declares the law. Powell v. Sherwood, 162 Mo. 605. The third assignment of error is that the court erred in the instruction as to the measure of damages. Cullar v. Railroad, 84 Mo. App. 345; Covell v. Railroad, 82 Mo. App. 187.

SMITH, P. J.—This is an action to recover damages for personal injuries resulting to plaintiff on account of the negligence of the defendant. The specific negligence relied on by plaintiff for a recovery was alleged in the petition in this wise: that is to say, that while plaintiff with the other section hands and section foreman were engaged in lifting and loading old steel rails on a push car, the said section hands and section foreman while acting for and in behalf of defendant and in the line of their duties, and while plaintiff was performing the duties of his employment, did without any fault or neglect on the part of plaintiff, negligently, carelessly, recklessly, suddenly and with-

out any warning or order to plaintiff from either said section hands or section foreman, drop and throw and cause to be dropped and thrown, with great force, a steel rail of great weight and length from their hands and the hands of the plaintiff against and upon the ground and right foot of plaintiff, striking him with great force and violence," etc.

The answer was a general denial accompanied by a plea of contributory negligence. There was a trial resulting in a judgment for plaintiff and the defendant has appealed.

The record discloses that defendant both at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence requested an instruction in its nature a demurrer, which was denied. The interposition of these demurrers requires us to review the evidence taken as a whole. There are some divergences in the testimony of the witnesses for plaintiff as to whether the steel rail fell directly upon the plaintiff's foot or whether it fell first to the ground and then rebounded and thereby caused the injury. The plaintiff himself testified:

"We were changing steel rails on the transfer track—we had picked up one of the steel rails and there were two of the rails that were fastened together by splices; after the bolts were struck off they still stuck together and John Grant, the foreman, said for the boys to pick up the rails and shake them loose— about ten of us picked up the south end of the two rails and shook them about five times, but they did not come loose, then the foreman told us to shake them again and we shook them again twice and while they were yet in motion they broke loose and the north end fell on the ground. I was standing to the north. After they had broken apart we were standing there waiting for further orders—what to do with the rail, whether to drop it or to put it on the push car. While I was standing in that position holding the rail and the other men standing there *without any orders from any one,* the rail was dropped on the ground on my foot."

The plaintiff on cross-examination further testified that in two or three days after his injury occurred, that while suffering with pain and at times dizzy he filled out a statement of the facts relating to such injury and delivered it to the defendant's section foreman, and that in that paper it was stated that "the rail got upon my foot by bounding on it after it struck the ground." He further testified that his recollection of the facts at the time he gave his testimony was better than it was when he made said statement. The section foreman and other witnesses corroborated plaintiff's testimony that the steel rail when it was dropped fell upon his foot. Other witnesses for both plaintiff and defendant testified that when the said rail was dropped that it first struck the ground and then there was a rebound which caused the injury. The section foreman also testified that there was no order given by him to drop the rail and that he did not know it was going to be dropped, it being his intention to have it put on the push car.

I. If the section hands negligently dropped or threw the rail down and in consequence of such negligence it struck the plaintiff's foot, unless plaintiff himself was not then exercising ordinary care, there was liability; and it would make no difference whether the rail so negligently dropped or thrown descended directly upon plaintiff's foot or rebounded upon it. Evidence showing that the injury occurred either way would support the issue. There would be no fatal variance if all the evidence had shown that the plaintiff's foot had been caught by the rebound of the rail and not under it when it first struck the ground. The defendant succeeded at the trial in obtaining from the court an instruction to the jury to the effect that plaintiff was not entitled to recover if the rail first fell to the ground and then rebounded on the plaintiff's foot. The propriety of the action of the court in giving this instruction is not before us now for review, but in the consideration of the effect of the evidence adduced by the plaintiff it is not out of place to say that if all such

evidence tended to prove that the rail was negligently dropped or thrown down and the plaintiff was hurt by its rebound, that there would be liability. The negligence which was the direct and proximate cause of the plaintiff's injury was the dropping or throwing down the rail, and whether the rail was dropped directly on plaintiff's foot or whether it first fell to the ground and then rebounded on his foot, would be unimportant. Evidence showing that the negligent act of dropping or of the throwing of the rail caused the infliction of the injury in either way would be sufficient to carry the case to the jury.

Touching the supposed inconclusiveness of the plaintiff's own testimony, it is to be observed that the section foreman who was present directing the movements of the men who dropped or threw the rail causing the injury testified that though the occurrence took place in his presence and before his eyes he could not tell just how it happened, and it would not therefore be strange that in so short a time thereafter, while in the condition the plaintiff testified he was then in, that his recollection of just how the accident took place was not as clear as it was later on when his physical and mental condition approached nearer the normal. And even if the statement made by plaintiff shortly after the injury was contradictory of his testimony at the trial, the weight of his evidence was for the consideration of the jury. Lamb v. Railway, 147 Mo. 187.

The plaintiff, it seems, was a common day-laborer fifty years of age, and from aught that appears from his testimony he was a man of at least average probity. We see nothing in the repugnancy of his testimony as explained by him which ought to render it so inconclusive that neither it nor that of the other witnesses supporting the affirmative of the issue is insufficient to make out a prima facie case. An examination of the plaintiff's testimony has not convinced us that in the light of the adjudged cases cited by defendant we should hold it, plaintiff's testimony, with that

of his witnesses, as without probative effect and as insufficient to establish his prima facie case.

In this connection it is not out of place to say that the defendant in that part of its reply brief which refers to the action of the trial court in refusing an instruction in the nature of a demurrer to the evidence has suggested that Hopkins v. Modern Woodmen of America, 94 Mo. App. 402 (68 S. W. 226) is in conflict with Glover v. Bolt & Nut Co., 153 Mo. 342. It is neither expressly nor impliedly held in the former case that where a defendant at the conclusion of the evidence adduced by plaintiff, or at the conclusion of all the evidence, requests an instruction in the nature of a demurrer thereto and the court refuses to give it that the defendant by afterwards requesting instruction submitting the case on the evidence thereby waives the objection suggested by his demurrer. No such ruling was made by us in that or any other case. But what in effect was ruled in Hopkins v. Modern Woodmen was that, where, after the conclusion of all the evidence the plaintiff and defendant each by a series of instructions request the submission of the case to the jury upon the various theories therein embodied, and the defendant included in his series an instruction in the nature of a demurrer to the evidence which the court, in passing upon his series, refuses, that he thereby precludes himself on appeal from insisting that the court erred in submitting the case on the evidence; and this rule of practice we still think is supported by the authorities cited in that case.

In Glover v. Bolt Co., supra, the defendant, at the conclusion of plaintiff's evidence, and at the conclusion of all the evidence, requested the giving of an instruction in the nature of a demurrer which was by the court refused. On appeal the plaintiff, who was the respondent, insisted that as the defendant had at the trial requested an instruction submitting the case on the evidence that he thereby admitted there was evidence sufficient to carry the case to the jury; and the reviewing court made answer to this objection by

saying that the demurrer ought to have been sustained, and that the defendant did not waive the right to insist upon this proposition by asking other instructions. So that, according to our understanding there is nothing in that case nor in Bealey v. Blake, 70 Mo. App. 229, nor in any other case to which our attention has been called, that is at variance with the ruling complained of in Hopkins v. Modern Woodmen. Nothing is discovered in the record in the present case to justify the application of the rule disclosed in the Hopkins case.

The defendant further contends that the court erred in submitting the case to the jury for the further reason that the plaintiff under his own evidence was chargeable with contributory negligence. This contention we can not sustain. The plaintiff testified, as has been already stated, that after the two rails had become detached, and he with nine or ten other section hands were holding a detached rail without any orders from the foreman and without any notice or warning the section men threw or dropped it on his foot. Suppose plaintiff's foot was in a position that it would be caught if the rail vertically descended when it was dropped or that the men holding up the south end of it threw it so that when it reached the ground it would miss their feet but not one or both of those of plaintiff who was standing near the other end of it; was the plaintiff, under such circumstances, guilty of negligence? How could he protect himself against the result of the negligent act of these men unless he had been timely warned of such intended act? Where facts are undisputed, if they are of such a character as that different minds might draw different conclusions from them, the case is one for the jury and not for the court. Negligence can not be conclusively established as a matter of law, except upon a state of facts upon which fair-minded men of ordinary intelligence might well differ as to the inference to be drawn from them. Where the inference to be drawn is not certain or uncontrovertible, the question of negligence can not be passed upon by the court without an invasion of the prov-

ince of the jury.   Lamb v. Railway, 147 Mo. 171; Grat-
iot v. Railway, 116 Mo. 450; Tabler v. Railway, 93
Mo. 79; Huhn v. Railway, 92 Mo. 440; Keim v. Tran-
sit Co., 90 Mo. 314; Nagel v. Railway, 75 Mo. 656;
Norton v. Ittner, 56 Mo. 351.   The question of con-
tributory negligence is most generally one for the jury
under all the evidence.   Weber v. Railway Co., 100
Mo. 194; Fulks v. Railway, 111 Mo. 340; Corcoran v.
Railway, 105 Mo. 406. In considering the question of
negligence in cases of this kind we are required by the
rulings in the adjudications to which we have just re-
ferred, to give the plaintiff the benefit of every reason-
able inference that may be drawn from the evidence.
We must be satisfied that no other conclusion than that
of plaintiff's negligence in the premises is fairly deduci-
ble from it.   Accordingly, we can not hold as a matter
of law that under the plaintiff's evidence he was guilty
of negligence directly contributing to his injury and
therefore not entitled to recover.   We think under it
the trial court was justified in submitting the question
of contributory negligence to the jury by instructions.

II.   The defendant objects that the plaintiff's first
instruction is erroneous in that it submitted to the jury
whether the foreman was negligent or reckless in
throwing or dropping the rail when there was not a
scintilla of evidence that he had hold of it in any way.
This instruction required the jury to find the constitu-
tive facts as alleged in that part of the petition here-
inbefore set forth.   It submitted to the jury the issue
whether or not the plaintiff was in the employ of the
defendant as a section hand and in the line of his duties
together with other section hands likewise in the em-
ploy of defendant and in the line of their duties, under
the command of a section foreman of defendant who,
by virtue of his employment, had control over plaintiff
and the other section hands engaged in lifting steel
rails from the ground and loading them upon a push
car, and that while plaintiff and said other section

hands so under the orders of said section foreman were engaged in lifting a steel rail, etc., said section hands and the foreman, without any warning to plaintiff, "*dropped or threw said rail from the hands of said section men*" upon the ground and upon the right foot of plaintiff. It is true the evidence does not tend to show that the rail, the dropping or throwing of which caused the plaintiff's injury, was actually or physically in the hands of the section foreman at the time it was so dropped or thrown, nor does the instruction require the jury to so find. If the evidence disclosed that the section foreman did not have hold of the rail at the time it was dropped or thrown, but that the section men did, and that they dropped or threw it so carelessly that it struck the plaintiff's foot without his fault, why was there not liability?

We cannot see that even if the petition had charged that the section foreman and the other section men dropped or threw the rail upon plaintiff's foot and the proof only shows that this was done by the latter only, that there would be a material or fatal variance between the *allegata* and *probata* or a failure or defect of proof; or, in other words, we do not think the plaintiff's judgment should be overthrown because he failed to prove that the foreman with his own hands participated in the negligent handling of the rail which injured plaintiff's foot. For the negligent act of the section hands, *respondeat superior*.

III. The defendant finally complains of the action of the court in giving the plaintiff's fifth instruction relating to the measure of damages. It authorized the allowance of damages for these elements: (1) Past bodily pain and mental anguish. (2) Future bodily pain and mental anguish. (3) Past loss of earnings. (4) Future loss of earnings. (5) Expenses for medical attention. (6) For any physical disabling *apart* from pain of body and anguish of mind and *apart* from loss of earnings and disability to labor. It is thus seen that the five first-named elements for which the jury were authorized to consider in allowing

the damages were not included in the sixth. The "physical disabling" for which they were authorized to allow damages was *apart* or independent of the preceding specified elements. The rule is that in cases of this kind the damages recoverable must be limited to compensation for pain suffered or that will likely be suffered in the future; time or earnings lost, or that may be lost; expense of being cured, and permanent injuries. Jacquin v. Cable Co., 57 Mo. App. loc. cit. 336-7, and the cases there cited. This instruction defined the limits within which the jury were to be restricted in their inquiry into the damages to be allowed, and is not therefore fairly subject to defendant's criticism. Besides this, the verdict was for only the sum of seven hundred and fifty dollars which, in view of the nature and extent of the plaintiff's injury, was quite moderate, so that if the said instruction was not quite accurate in expression no harm resulted therefrom to the defendant. No complaint was made in the motion for a new trial that the verdict was excessive, and it may be safely said that if the plaintiff was entitled to recover at all, as we must think he was, the quantum of damages awarded was reasonable enough.

The judgment must be affirmed. All concur.