# McKINSTRY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, October 18, 1904.

1. **PLEADING: Petition: Passenger Alighting.** In an action for injuries caused to plaintiff while alighting from one of defendant's cars, by the sudden starting of the car before she had time to alight, though the petition failed to allege that the car did not stop a reasonable time to allow plaintiff to alight, or that the conductor knew or should have known that plaintiff was in the act of getting off, where the allegations by unavoidable intendment show such facts, it was good after verdict.

2. ———: ———: **Variance.** The defendant could not complain of variance in submitting such issue to the jury, where it asked an instruction involving that issue.

3. **CARRIERS OF PASSENGERS: Degree of Care: Termination of Contract.** The degree of care exacted of a carrier for the passenger's safety is the same while he is getting off the vehicle as that imposed while he is in the course of transit, the utmost care and diligence of a very cautious person, and the obligation continues until the contract of carriage is terminated by the safe landing of the passenger at the end of his journey.

4. ———: ———: **Limits of Rule.** The rule of the highest degree of care is not confined to a class of accidents which raise a presumption of negligence; and it applies as well to cases wherein the passenger may have been a factor in the production of an injury.

5. **MEASURE OF DAMAGES: Future Pain.** In an action for personal injuries, where future pain and suffering constituted an element of damage, the plaintiff was entitled to recover for only such as was reasonably certain to ensue from the injury, and an instruction which authorized a recovery for pain which the plaintiff "may suffer" was erroneous.

6. ———: ———: **Verdict for Right Party.** But where a verdict in such case was clearly for the right party and it is apparent that the jury were not misguided by the instruction, the judgment will not be reversed on account of it.

7. ——: ——: ——. Where a woman approaching sixty years of age sustained injuries which would probably endure during her lifetime and permanently impair her capacity to do the work by which she had maintained herself and was allowed a verdict of $1,000, a sum which defendant did not claim to be excessive, it is apparent that the defendant was not prejudiced by the infirmity of the instruction and that no error material to the issue was committed by giving it.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Glendy B. Arnold* for appellant.

(1) The motion in arrest of judgment should have been sustained. The petition does not state facts sufficient to constitute a cause of action. It does not allege that the car did not stop a reasonable time to allow plaintiff to alight. Nor does it allege that the conductor knew or should have known that the plaintiff was in the act of alighting. Without the allegation of one or the other of these things no cause of action is stated. If the rule of highest degree of care can be held to apply to any other matter than those over which the carrier has absolute and undivided control, like its road and rolling stock or the like, it cannot be held to apply to losses wherein the plaintiff can or may be an actor and factor in the production of the injury. This rule of highest degree of care can only be applied to that character of accidents which raises a presumption of negligence. Miller v. Transit Co., 81 S. W.— But if the rule is applicable the standard of the "very prudent person" falls short of the requirements of the law. It does not contain the qualifications of the prudent man engaged in like business or under like circumstances. Dougherty v. Railroad, 97 Mo. 667, 8 S. W. 900, 11 S. W. 251; Sullivan v. Railroad, 133 Mo. 1, 34 S.

W. 566; Smith v. Railroad, 108 Mo. 249, 18 S. W. 971; Furnish v. Railway, 102 Mo. 450, 15 S. W. 315. (2) The court erred in giving the fourth instruction for plaintiff. It authorizes the plaintiff to recover for past pain of body and mind already suffered, and for such as she may suffer in the future. It authorizes the plaintiff to recover for any earnings she has lost or may lose, by reason of the accident. It authorizes the plaintiff to recover for any expenses ''for medicines or medical attention which . . . have been necessitated or may be required by reason of the accident.'' This character of instruction has been expressly condemned by this court. Kucera v. Murrill Lumber Co., 91 Wis. 637, 61 N. W. 374; Hardy v. Railroad, 89 Wis. 183, 61 N. W. 771. Block v. Railroad, 89 Wis. 371, 61 N. W. 1101; Russell v. Columbia, 74 Mo. 480; Bradley v. Railroad, 138 Mo. 311, 39 S. W. 763; Chilton v. St. Joseph, 143 Mo. 199, 44 S. W. 766; Bigelow v. Railroad, 48 Mo. App. 374; Ross v. Kansas City, 48 Mo. App. 446; Fry v. Railroad, 45 Iowa 416; White v. Railroad, 61 Wis. 636; 50 Am. Rep. 154; Cameron v. Trunk Line, 10 Wash. 507, 39 Pac. 128; Meeteer v. Railroad, 63 Hun 533, 18 N. Y. Sup. 561; Curtis v. Railroad, 18 N. Y. 534, 75 Am. Dec. 258; 3 Sutherland on Damages (Ed. 1884), page 261; 1 Sutherland on Damages (3 Ed.), sec. 123, and vol. 3, sec. 944; 1 Joyce on Damages, secs. 244-245; Voorhies on Damages, page 72, sec. 46; Watson on Personal Injuries, secs. 302-303; Schwend v. St. Louis Transit Co., 80 S. W. 40.

*D. D. Holmes* for respondent.

(1) When this case was tried the ruling authority in this State on the use of the word ''may'' in this manner was McLain v. Railroad, 100 Mo. App. 374, 73 S. W. 909. (2) Where the judgment is for the right party it should be affirmed even though there is error in the instruction. 2 Thompson on Trials, secs. 2401,

2403, pp. 1746. 1749; R. S. 1899, sec. 865; Henry v. Rail-road Co., 113 Mo. 538, 21 S. W. 214; Feary v. Railroad, 162 Mo. 109, 62 S. W. 452; Bowman & Co. v. Lickey, 86 Mo. App. 63; Wagner v. Elec. Co., 82 Mo. App. 300; Fields v. Railroad, 80 Mo. App. 607.

REYBURN, J.—An error is ascribed to the trial judge in overruling the motion in arrest, levelled at the complaint as not stating facts sufficient to consti-tute a cause of action against defendant, and also in giv-ing instructions to the jury submitting the issue whether the car stopped a sufficient length of time to enable the plaintiff, acting with diligence, to alight in safety, the substantial and assailed paragraphs of the petition are reproduced as follows:

"Plaintiff states that on or about the fifth day of April, 1903, she was a passenger on one of the defend-ant's west-bound Olive street cars; that as said car ap-proached the intersection of said Olive street and said Whittier street she signalled the agents and servants of the defendant, in the employ of the defendant and in charge of and operating said street car, to stop said car at the intersection of said streets, for the purpose of allowing her to alight from said car at said place; that when said car reached the west crossing of said intersection of said streets the said agents and servants of the defendant brought said car to a stop; that while said car was so stopped at said place as aforesaid, and while the plaintiff, in the exercise of ordinary care, was in the act of alighting therefrom, but before she had fully left the same, the said agents and servants in charge of and operating said car, negligently, carelessly and recklessly caused said car to be started forward with a violent and sudden jerk, which caused plaintiff to fall with great force and violence, striking the ground with her back and head, thereby greatly and permanently injuring plaintiff on her back and head, and also causing a severe injury to plaintiff's right

arm, and also causing permanent internal injuries to plaintiff, and also permanently injuring plaintiff's nervous system.

"Plaintiff states that by reason of the said injuries sustained as aforesaid she has suffered great pain and anguish of body and mind; that she was and is compelled to expend large sums of money for medicines and medical treatment in and about the treatment of her said injuries; that she has been permanently crippled and disabled from labor and has lost and will continue to lose the earnings thereof; that she is permanently cripped and injured for life."

The answer was a general denial of the allegations of the petition. On behalf of plaintiff the evidence comprised the testimony of herself, a fellow-passenger and an attending physician, and conduced to establish the occurrence of the casualty as pleaded in her petition and also that the injuries resultant were painful, and permanently impaired her ability to earn her livelihood as a domestic and house servant, as she had been employed for many years prior to and at time of the accident and earning fifteen dollars per month. The only witness introduced by defendant was a physician connected with its medical department, specializing surgery, who treated her for nine days succeeding the injury.

1. The specific objections made to the petition are that it is devoid of allegations, that the car did not stop a reasonable time to allow plaintiff to alight, and that the conductor knew or should have known that plaintiff was in the act of getting off. While the language charged to be essential and omitted is not employed in the complaint, the petition in lucid and unequivocal terms, with elaborate detail, portrays the same situation by necessary and unavoidable intendment and assuredly after trial without objection to its sufficiency and verdict rendered, is beyond criticism. Further the defendant has impressed such interpretation upon

the declaration of the cause of action as its substantial and actual meaning, by obtaining an instruction from the court in its behalf couched in the terms complained of as lacking, defining the duty of defendant and presenting for the consideration of the jury the precise question whether, under all the facts and circumstances in evidence, plaintiff was given a reasonable time to alight before the car was started forward.   If the form in which the issues were presented to the jury constituted any variance or departure from the pleadings, the defendant was co-offender in this respect, and cannot complain after having had the benefit of the submission to the jury.   This court has had occasion recently to reiterate that while common carriers are not insurers of the safety of passengers received for transportation, nor or they answerable for every casualty, regardless of how such accidents may be produced, but their liability is confined to such as can be connected with and attributed to some neglect of duty, yet the degree of care exacted of the carrier for the passenger's safety while he is getting off the vehicle is of the same lofty degree as that imposed while he is, in course of transit, the extraordinary care demanded from the carrier by law continuing until the contract of carriage is completed and terminated by delivery of the passenger at terminus of his journey uninjured, and that the contract of a passenger carrier toward its passengers requires the utmost care and diligence of very cautious persons and rendering them liable for even the slightest neglect. Tillman v. St. Louis Transit Co., 102 Mo. App. 553, 77 S. W. 320; Fillingham v. Id., 102 Mo. App. 573, 77 S. W. 314; Kroner v. Id., 107 Mo. App. 41, 80 S. W. 915. No contributory negligence was charged against plaintiff, and the degree of care defined by the wording of the fifth instruction for plaintiff is in substantial harmony with the legal principle discussed in the cases above mentioned and the authorities therein cited.

2. The contention of appellant that the rule of the highest degree of care is confined to that class of accidents, the occurrence of which creates a presumption of negligence and is not applicable to an injury wherein the sufferer was a factor in its production, is without authority or merit. The charge to the jury at the close of the evidence embraced all the instructions tendered by defendant and all should be taken collectively as a whole (Hannibal Savings & Ins. Co. v. Pipe, 43 Mo. 405; Henchen v O'Bannon, 56 Mo. 289; Moore v. Sauborin, 42 Mo. 490) and combined, with the qualification presently adverted to they presented the case to the jury fairly and correctly.

3. The instruction determining the standard by which the damages should be measured was in the following language:

"If your verdict is for the plaintiff you will assess her damages at such sum as from the evidence you believe will fairly compensate her.

"For any pain of body or mind which from the evidence you believe she has suffered or may suffer, by reason of said accident.

"For any earnings which from the evidence you believe she has lost or may lose by reason of the accident.

"For any expenses for medicines or medical attention which you believe from the evidence have been necessitated or may be required by reason of the said accident, considering the fair and reasonable value thereof."

In Walker v. Railroad, 106 Mo. App. 321, 80 S. W. 282, the instruction disapproved was as follows:

"If the jury find in favor of the plaintiff they will assess his damages at such reasonable sum as will fairly compensate him for the injuries which he has sustained, and the mental suffering and physical pain which he has suffered, or may hereafter suffer and directly resulting from his injury."

The case of Schwend v. St. Louis Transit Co., 80 S. W. 40, being relied on for such ruling, in which an instruction incorporating the same infirmity was condemned after lengthy review of the text of commentators upon the measure of damages and cases decided in this State and other jurisdictions. In McLain v. Railroad, 100 Mo. App. 370, 73 S. W. 909, this court went no further than to decide that in an action for personal injuries, the right of recovery was not restricted to pain and suffering undergone, but the injured party was also entitled to compensation for such future sufferings as were reasonably certain in the ordinary course of nature to ensue from the injury; the right of the jury to weigh such bodily pain and suffering as were reasonably likely to result in the future, and not the precise wording of the instruction, was considered and determined. Adhering to the rule declared in the Walker and Schwend cases as well established in this State, the instruction herein considered is convicted of the vice therein condemned. However, where a jury clearly appears to have reached a correct result in its verdict, it cannot be affirmed that it was misled by an erroneous instruction, and therefore the practice obtains in most appellate jurisdictions that a judgment obviously proper will not be reversed on account of an erroneous instruction. Under such conditions a good verdict and judgment are deemed corrective of errors in the progressive steps by which they resulted, and the reviewing court, satisfied that full justice has been administered between the parties, will not disturb a just verdict. This rule is particularly applicable when the misdirection, if any, affected the standard of damages and where it is apparent that the jury was not misguided by the instruction. This principle has received recognition in England and in most of the United States and has been frequently sanctioned by the courts of this State. The utterances of the Supreme Court, through Judge Burgess, in a similar action where the

instruction respecting the measure of damages was condemned, but the judgment for the plaintiff upheld, may be borrowed as particularly appropriate and controlling:

"Plaintiff's instruction with respect to the measure of damages is also assailed on the ground that it is too general and does not tell the jury what elements enter into the measure of damages, and then limit them in making their verdict to such elements. On the contrary, it tells them if they find for plaintiff it will be proper for them to consider 'all damages present and future which they believe from the evidence are and will be the direct result of the injuries complained of.' This criticism is not without merit.

"The instruction laid down no rule for the guidance of the jury in passing on the damages to which plaintiff was entitled in the event their finding should be for her, but left that matter entirely at their will and pleasure to consider whatever might seem proper, however remote, regardless of the rules of law, by which the elements of damages are prescribed in such cases. Similar instructions have frequently met with the disapproval of this court. Hawes v. Stock Yards Co., 103 Mo. 66, 15 S. W. 751; Stephens v. Railroad, 96 Mo. 207, 9 S. W. 589; Stewart v. Clinton, 79 Mo. 603; McGowan v. Ore and Steel Co., 109 Mo. 518, 19 S. W. 199.

"But it seems to us that the judgment ought not to be reversed on account of that instruction under the circumstances disclosed by the record in this case. The judgment is clearly for the right party," etc. Sherwood v. Railroad Co., 132 Mo. loc. cit. 345, 33 S. W. 774.

Upon a consideration of the facts exhibited by this record, where a woman approaching sixty years of age has sustained serious and painful injury probably enduring during her lifetime, and permanently impairing her capacity to render household services, by which she had maintained herself has been awarded a

verdict of one thousand dollars, a sum not assailed by defendant as excessive, we are satisfied that defendant was not prejudiced by the infirmity in this instruction, and that the jury was not influenced in its finding thereby, and under the statute, impressed with the conviction that no error was committed by the trial court against appellant materially affecting the merits of the action, the judgment is affirmed. Feary v. Railroad, 162 Mo. l. c. 109, 62 S. W. 452; Whitehead v. Atchison, 136 Mo. l. c. 492, 37 S. W. 928; Sullivan v. Railroad, 133 Mo. l. c. 8, 34 S. W. 566; Homuth v. Railroad, 129 Mo. l. c. 642, 31 S. W. 903; Henry v. Railroad, 113 Mo. l. c. 538, 21 S. W. 214; McGowan v. St. Louis Ore & Steel Co., 109 Mo. l. c. 538, 19 S. W. 199; Fitzgerald v. Barker, 96 Mo. l. c. 666, 10 S. W. 45; Fields v. Railroad, 80 Mo. App. l. c. 607; Eberly v. Railroad, 96 Mo. App. l. c. 371, 70 S. W. 381. *Bland, P. J.,* and *Goode, J.,* concur.